PEARSON V. QUIST *et al.*

1. **Sale : DELIVERY.** Where a farmer sold his farm and his personal property, selling a team to his wife, who rented the farm of the purchaser, and with the aid of her son cultivated it, while the husband engaged in other business and ceased to have any control of the farm, *held*, as against the husband's creditors, that there was a delivery of the team.

2. ———: **EXEMPT PROPERTY : RIGHTS OF CREDITORS.** Creditors have no right to question the validity of a sale by their debtor of exempt property.

3. ———: **PAYMENT WITH OTHERS' MONEY : RIGHTS OF CREDITORS.** Creditors cannot attack a sale of property made by their debtor on the ground that the money used in paying for it belonged to third parties.

*Appeal from Page District Court.* — HON. GEORGE
CARSON, Judge.

FILED, JANUARY 23, 1890.

THIS is an action of replevin for two mules, a wagon and harness. The plaintiff is the wife of Peter Pearson, who was the defendant in execution on a judgment owned by the defendant Martin. The defendant Quist was a constable, and he levied the execution on the property in controversy. The plaintiff claims that she was the owner of the property when the execution was levied, and that "the team, wagon and harness were the only property of the kind owned by either plaintiff or her husband." There was a trial by jury, verdict and judgment for the plaintiff, and defendants appeal.

*C. S. Keenan* and *G. B. Jennings*, for appellants.

*J. E. Hill* and *James McCabe*, for appellee.

ROTHROCK, C. J.—The evidence shows in a general way that Peter Pearson was a farmer; that he was in debt for his land, and was compelled to sell it on

Rebelsky v. The Chicago & N. W. Ry. Co.

account of said indebtedness. He also sold all of his teams, except that in controversy. He sold the mules, harness and wagon to his wife. She rented the farm from the purchaser, and, with the assistance of her son, carried on the farming business. A question is made whether there was a delivery of the property to the plaintiff. We think the evidence shows that there was such delivery. The husband ceased to have any control of the farm. He quit farming as a business, and went into the "stone business and well business." This amounted to a delivery. The property was exempt from execution as long as it was held by the husband, and as long as his business was that of a farmer. It being exempt from execution, he had the right to sell it or give it away, and his creditors had no right to question his authority to do so. Complaint is made by appellants because the consideration paid for the property by the plaintiff was not all her own, but that it was in part money belonging to her children. It may be the children might object to a wrongful conversion of their money, but that is a matter of no concern to the defendants. We think we have in these general observations disposed of every question in the case which demands consideration.

AFFIRMED.