WM. DEERING & CO. v. PETER E. RUFFNER.

[FILED SEPTEMBER 17, 1891.]

Exemptions: WAGES: SET-OFF.  R., the head of a family, was indebted to the W. D. & Co. in the sum of $700, which he was unable to pay.  With full knowledge of these facts, the W. D. & Co. entered into a contract with R. to employ him as a traveling salesman in their business, at a monthly compensation of one hundred dollars, besides his personal expenses, one-half of which compensation to be paid in cash and the other half to be credited upon the said indebtedness of R. to the W. D. & Co., under which contract R. worked for the said company two months.  In an action by R. against the W. D. & Co., *held*, that,

under the provisions of section 531a of the Civil Code, R. was entitled to recover one-half of sixty days' wages, or one hundred dollars.

ERROR to the district court for Cass county. Tried below before CHAPMAN, J.

*A. N. Sullivan,* for plaintiff in error, cited: *Tessier v. Lockwood,* 18 Neb., 167; *Hiatt v. Brooks,* 17 Id., 33; *Thrall v. Hotel Co.,* 5 Id., 295.

*Matthew Gering, contra,* cited: *Grant v. Cropsey,* 8 Neb., 205; Thomas, Homesteads and Exemption, sec. 379; *Reed v. Umbarger,* 11 Kan., 206; *Burns v. Thornburg,* 3 Watts [Pa.], 88; *Holmes v. Robinson,* 4 O., 91; *Boyer v. Clark,* 3 Neb., 166; *Billings v. McCoy,* 5 Id., 187.

COBB, CH. J.

Peter E. Ruffner sued William Deering & Company in the district court of Cass county. In his petition he alleged that on the 20th day of May, 1888, he commenced work for the defendant company at their special instance and request as traveling salesman, and continued in its employment until the 28th day of July, 1888; that defendant promised to pay him the sum of $200 besides his expenses; that no part of said sum has been paid except his expenses and the sum of $100, and that there is due from said defendant company to the plaintiff the sum of $100 and interest thereon from the 28th day of May, 1888.

The defendant answered that the plaintiff commenced working for the defendant at the time specified in the complaint, and continued in the employment of the defendant for the term of two months, for which plaintiff was to receive the sum of $100 per month and $50 for expenses; that plaintiff's expenses had been fully paid; that the plaintiff, by the terms of said contract of employment, was to receive credit on a certain indebtedness of his to defendant,

then existing in favor of the defendant and against the plaintiff; that at said time plaintiff was indebted to defendant in the sum of not less than $700 for moneys collected by plaintiff, no part of which has been paid by plaintiff except by said employment; that defendants' claim aforesaid was at all times such claim as could be enforced by suit; that defendant has given plaintiff full credit for said services on said indebtedness; that on the 6th day of July, 1888, defendant recovered a judgment against plaintiff in the county court of Cass county for the sum of $292.35 and costs, no part of which has been paid; that said plaintiff is wholly insolvent, and defendant is without means to collect any part of such judgment except by applying defendant's claim to said indebtedness and giving him credit therefor, and that plaintiff's claim has been fully adjudicated in another suit between the parties in the county court of Douglas county.

There was a trial to the court, a jury being waived, with a finding and judgment for the plaintiff in the sum of $100 with interest. The case comes to this court by petition in error, three errors being assigned, as follows:

I. That said findings and judgment are contrary to law and the evidence in the case.

II. That said findings and judgment are not supported by sufficient evidence.

III. Said findings and judgment should be for defendant.

Upon the trial, Peter E. Ruffner, the plaintiff, was sworn as a witness in his own behalf. Testified that he is acquainted with Dion Geraldine; that in 1887 he was the traveling agent for William Deering & Company in Nebraska; that plaintiff entered into a contract with him as agent for the said company in May, 1888; that after having some correspondence with him, plaintiff telephoned him and he answered to come to Omaha, which plaintiff did and met him in his office by agreement; that they talked about the work and said agent made plaintiff an offer which

plaintiff declined; that the said agent finally said: "Ruff-
ner, I will do this with you; you may go to work for us
and I will give you $100 a month and your expenses,
and $50 I will pay you in cash and $50 will be allowed
you a month on your account to William Deering & Com-
pany," and that was the arrangement made between the two.
Plaintiff further stated that at that time he was indebted
to William Deering & Company; that he worked under
the terms of the contract as above stated for two months
and two days; that he then received a telegraphic dispatch
from Mr. Geraldine at Springfield, Sarpy county, telling
witness to come home and send in his account; that wit-
ness then returned home and sent in his expense account
and his bill for two months' services and asked him to re-
mit $100, and that there was $4.15 due witness that he had
paid more on the expense account than he had received, to
which he received no reply; this, witness states, was on the
first or second day of the month of August. After telegraph-
ing and writing several times and threatening to draw on
him at sight, on the 14th day of the month witness received
a letter from Mr. Geraldine; that on the 15th of August
Geraldine sent to witness a draft for $4.15 and a blank re-
ceipt for $200 for him to sign; that the next morning he
went to Omaha and finally had an interview with Mr.
Geraldine; that witness pulled out the letter that he had
received from him and asked him how that was, that it was
not according to "our agreement," and that the agent, Mr.
Geraldine, replied that he knew that it was not according
to the agreement, but said, "You put your property out of
your name to defraud us, and I don't propose to give you a
—— cent"; that witness denied ever having put his prop-
erty out of his name to defraud Deering & Company, etc.
Witness further testified that he is the head of a family
and that the $100 for which he sues is for work and labor
performed, that is for two months.

The defendant offered in evidence the deposition of Dion

Geraldine, who deposed that he has resided in Omaha since September, 1886, and is acquainted with the plaintiff in this case; has known him since the fall of 1886; that as the manager for William Deering & Company deponent's duties are to have charge of all their business in the state of Nebraska in a general way, except collections, correspondence with legal collectors and banks; has charge of the appointment of agents; that Deering & Company are manufacturers of grain and grass-cutting machinery; that the plaintiff has acted as the defendant's agent in and about the sale of these machines; that the plaintiff's agency for the sale of the defendant's machines terminated with the season of 1886; that at that time, and when deponent took charge of defendant's business in November, 1886, according to the best of his recollection there was a deficit of about $900 in the account of the plaintiff as agent for the defendant; that this amount was afterwards reduced about $250, which sum of $250 was made in farmers' notes turned over to the traveling agent of the defendant by the plaintiff; that there was no dispute between plaintiff and defendant about the amount of this deficiency in the plaintiff's account with the defendant; that in addition to this $250, that plaintiff has received a credit of $200 on his account with the defendant for personal services rendered the company during the selling season of the present year; that the agreement between the plaintiff and defendant was to the effect that the plaintiff should devote his time and attention to the sale of machines and other work which the company might have for him to do, particularly in the vicinity of his home, for which he was to receive a credit on account of $100 per month and $50 per month to cover expenses; that deponent acted for the defendant in making that agreement with the plaintiff; that the agreement was made in the deponent's office at Omaha, deponent giving the particulars of the contract that it is not deemed necessary to reproduce here.    Witness further stated

56

that the plaintiff went to work for the defendant on the terms offered by deponent as defendant's agent, and continued in such employment about two months; that defendant paid plaintiff for his expenses at intervals in checks, deponent thinks $25 each; when the selling season was over, to the best of deponent's recollection, the whole amount of money sent him was $105 for expenses, and credited him with the sum of $200 to apply upon his own account. In the record I also find the following stipulation signed by counsel for the respective parties:

"In the District Court of Cass County, Nebraska.

"PETER E. RUFFNER       ⎫
          v.            ⎬ Stipulation.
WILLIAM DEERING & Co.  ⎭

"It is hereby stipulated by and between the parties to this suit admitted facts material to the issues in this case as follows:

"1. That plaintiff agreed to work for defendant as agent in selling defendant's machines at the stipulated sum of $100 per month, and that defendant accepted his services at said sum per month.

"2. That defendant has paid the plaintiff's expenses while in its employ.

"3. That plaintiff was in the employ of defendant for the term of two months from the — day of ——, 1888, until the — day of July, 1888. That prior to the time of said agreement, plaintiff was indebted to defendant in an amount greater than the wages earned by said plaintiff from defendant, and that said sum was then and ever since due and payable from plaintiff to defendant, and that during all of said time an action could be maintained by defendant against plaintiff for the recovery of the amount so as aforesaid due and payable from plaintiff to defendant.

"4. That on the 10th day of December, 1888, defendant recovered a judgment against plaintiff in the county court of Douglas county, Nebraska, for the sum of $472.55.

"5. That in said suit in said county court of Douglas county, defendant gave plaintiff credit for the sum of $200, the wages earned by plaintiff, and which wages is the plaintiff's cause of action in this case.

"6. That the plaintiff is insolvent.

"7. It is further stipulated, that on the 6th day of July, 1887, this defendant recovered against plaintiff a judgment for the sum of $292.25 and costs, which judgment remains in full force and wholly unpaid.

"MATTHEW GERING,

"*Attorney for Plaintiff.*

"A. N. SULLIVAN,

"*Attorney for Defendant.*"

It is probable that the finding and judgment in favor of the plaintiff depend altogether upon the efficiency of the statute and the principle underlying it, which exempts from execution or garnishment the wages of laborers, mechanics, and clerks who are the heads of families, etc., not exceeding $60, or two months' wages, but I think that the principle underlying that statute is sufficient to sustain the judgment. It is true that the beneficiaries of this statute are designated as laborers, mechanics, and clerks, but I do not think that those terms, are terms of limitation merely, but that by the use of them the legislature intended to designate all such persons as earn their living by wages, and whose compensation is measured by the day, week, month, or year ; of course not including the employes of the government, state, county, or city. As to what the contract was under which the plaintiff was employed by the defendant, the evidence being conflicting, the verdict of the jury is conclusive. The judgment of the district court is therefore

AFFIRMED.

THE other judges concur.