W. W. Mace et al., appellants, v. J. B. Heath et
al., appellees.

[Filed February 24, 1892.]

Exemptions: Judgments in Favor of Debtor. In an action
to restrain the issuing of an execution in favor of an insolvent
debtor on a judgment possessed by him, it appeared that certain
creditors had instituted proceedings by garnishment against such
debtor; that the garnishees had answered and paid the amount
due the debtor to the justice, who had paid the same to such
creditors. It also appeared that the debtor had filed an inven-
tory of all his property in the proper court, claiming such judg-
ment as exempt property under section 521 of the Code. *Held,*
That as the insolvent debtor had neither lands, town lots, or houses
subject to exemption as a homestead, and as he was the head of
a family, he was entitled to have property of the value of $500
exempt from sale under an execution or attachment, and that
such exempt property might be in a judgment.

Appeal from the district court for Douglas county.
Heard below before Doane, J.

*John P. Breen,* for appellants, cited, on the question of
exemption: *Turner v. R. Co.,* 19 Neb., 241; *U. P. R.
Co. v. Smersh,* 22 Id., 755; *Moore v. R. Co.,* 43 Ia., 385.

*Silas Cobb,* and *Geo. S. Smith, contra,* cited, on same
point: *Turner v. R. Co.,* 19 Neb., 241; *Albrecht v. Treit-
schke,* 17 Id., 205.

Maxwell, Ch. J.

This action was brought in the district court of Douglas
county, by the plaintiffs against the defendants, to restrain
them from collecting certain judgments. The petition is
as follows:

"The plaintiffs say that heretofore, to-wit, on the 6th
day of July, 1889, the above named defendant, John B.

Heath, recovered a judgment in the above named district court for the sum of $500.39, in an action then pending in said court entitled ' *John B. Heath v. W. W. Mace and C. A. Clement,*' being appearance docket No. 8, page 6, of the records of said court; that after the rendition and entry of said judgment proceedings in error were prosecuted to the supreme court of Nebraska, but upon the hearing of such appeal in the said supreme court the judgment of the district court aforesaid was affirmed at the cost of the plaintiffs in error, the said W. W. Mace and C. A. Clement; that after such judgment was affirmed by the opinion of the supreme court regularly filed in said cause, and after the said judgment had become a fixed and absolute indebtedness due from the said W. W. Mace and C. A. Clement to the said John B. Heath, the plaintiffs herein were garnished, first, by one H. J. Rolfs in the justice court of A. J. Hart, a justice of the peace in and for Douglas county, Nebraska, the said Rolfs having obtained a judgment against the said John B. Heath in said justice court of $226.86, including costs and interest, and upon such garnishment process being served upon him, the said W. W. Mace appeared, without collusion or fraud and in good faith, in the said justice court in obedience to the garnishment summons so issued, and made answer and full disclosure touching his indebtedness to the said John B. Heath by reason of the aforesaid judgment recovered as aforesaid in this court, and made full disclosure of the exact condition of said judgment; that thereupon and under such answer the said justice ordered him, the said W. W. Mace, to pay into the said justice court, for the use and benefit of the said H. J. Rolfs, the aforesaid sum of $226.86, and that in obedience to such order so made the said W. W. Mace did pay into the said justice court the aforesaid sum of $226.86 and received the receipt of such justice for said sum, and was thereupon discharged as garnishee in said court; that thereupon this plaintiff, the said

W. W. Mace, filed said receipt and discharge in this court
in the case of *John B. Heath v. W. W. Mace et al.*, appear-
ance docket 8, page 6, and likewise filed with said receipt
and discharge a notice to the said Heath and to the clerk
of this court of the payment of the said $500 judgment to
the extent of the said $226.86 by reason of such garnish-
ment proceedings, and that said sum of $226.86 was paid
by said W. W. Mace out of the money due the said Heath
on said $500 judgment.

"That thereafter the said W. W. Mace and C. A. Clem-
ent were again garnished by one John P. Davis in the
justice court of one Charles Brandes, on a judgment which
the said Davis had obtained in the said justice court for the
sum of $63.10, including costs, against the said John B.
Heath, and that in pursuance to the process of garnish-
ment therein, and without collusion or fraud and in good
faith, the said W. W. Mace appeared in said justice court
and answered and made full disclosure touching the resi-
due and balance due from him to the said John B. Heath
on the aforesaid $500 judgment, and made full disclosure
respecting the exact condition of said judgment; and there-
upon, and on such answer and disclosure, the said Justice
Brandes ordered the said W. W. Mace to pay into his
court, for the use and benefit of the said John P. Davis,
the aforesaid sum of $63.10, and that in pursuance of
such order the said W. W. Mace did pay into the said
justice court the said sum of $63.10 and took a receipt there-
for from the said justice, and was thereupon discharged as
garnishee, and thereupon filed such receipt in this court in
the aforesaid case of *John B. Heath v. W. W. Mace et
al.*, docket 8, page 6, and likewise, with such receipt, filed
a notice to said plaintiff in that case, the said John B.
Heath, and to the clerk of this court, that the said $63.10
had been paid out of the aforesaid $500 judgment, and by
such notice claimed payment of said judgment to that extent.

"That thereafter the said W. W. Mace and C. A. Clem-

Mace v. Heath.

ent were again garnished in the justice court of Ed. A. Shaw, a justice of the peace in and for Douglas county, Nebraska, by one Thomas Swift, the said Thomas Swift having already obtained a judgment against the said John B. Heath in the said justice court for the sum of upwards of $80, and that in pursuance of the garnishment process so issued the said W. W. Mace, without collusion or fraud and in good faith, appeared in said justice court and made answer and full disclosure touching his indebtedness to the said John B. Heath by reason of the balance, $23.76, at that time due on the aforesaid judgment of $500 against him in favor of the said John B. Heath, and that at the time of such answer and disclosure the said John B. Heath appeared in said justice court and made claim to the money disclosed to be due by such answer from the said Mace to him and filed in said justice court his exemptions, and defended against the appropriation of the sum so disclosed to be due him to the payment of the said Swift judgment, but that, notwithstanding such claim made by the said Heath, the said Justice Shaw ordered the said W. W. Mace to pay into his court, for the use and benefit of the said Thomas Swift, the aforesaid sum of $23.76, being the entire balance due from the said Mace to the said Heath by reason of the aforesaid $500 judgment, together with all interest which had accrued thereon from the time of its rendition up to the time of the aforesaid payment of $23.10; that in pursuance of such order the said W. W. Mace did pay into the said justice court the aforesaid sum of $23.10 and received a receipt from said justice therefor, and was thereupon discharged as garnishee therein; that thereupon the said W. W. Mace filed the said receipt in the said case of *John B. Heath v. W. W. Mace et al.*, docket 8, page 6, of this court, that the said $23.10 had been paid out of the money remaining unpaid on said $500.39 judgment, and claimed payment by such receipt and notice to that extent of said $500.39 judgment.

"Plaintiff says that prior to any of the garnishment processes hereinbefore enumerated, and before answering in any of them, the attorneys for the plaintiff in the case of *John B. Heath v. W. W. Mace et al.*, docket 8, page 6, had filed a lien for their attorneys' fee in said case in the sum of $250, and that the said defendant W. W. Mace, before answering in any of the garnishment proceedings hereinbefore enumerated, paid said fee under such lien to the said attorneys and took their receipt therefor, which receipt was thereupon filed in that case.

"Plaintiff says that the several payments aforesaid made under and in response to the several garnishment proceedings hereinbefore enumerated, and the payment made to the said attorneys under their aforesaid lien, paid in full the aforesaid judgment in favor of said John B. Heath, docket 8, page 6, with all interest accrued thereon, and that he has paid into the said district court the entire cost taxed in that case.

"Plaintiff says that notwithstanding the aforesaid payments, and that notwithstanding that full payment has been made of the aforesaid judgment due the said Heath, he, the said Heath, by and through his attorney, one ——, has filed a precipe for an execution in the aforesaid case with the clerk of this court and caused an execution to issue in said case in favor of the said John B. Heath for the collection again of the aforesaid judgment; that the said clerk, in response to said precipe so filed, issued said execution directed to the defendant herein, John F. Boyd, as sheriff of said Douglas county, against the property of these plaintiffs, commanding him to collect said judgment and to levy upon and sell the property of these plaintiffs if necessary to collect again the aforesaid judgment, and that the said John F. Boyd is threatening to, and is about to, proceed to levy upon the property belonging to these plaintiffs under said execution for a recollection from them of said judgment, and that said Boyd as such sheriff will, un-

less restrained by the order of this court, enforce said execution and levy upon and sell the property of these plaintiffs.

"Plaintiff says that the said John B. Heath is insolvent and has no property subject to execution, and is entirely unable to respond in damages to these plaintiffs, which would be occasioned to them by the wrongful enforcement and levy under said execution upon their property, and a recollection of the aforesaid judgment under said execution.

"Wherefore plaintiffs pray that a restraining order may issue from this court restraining and enjoining the said defendants, their agents or attorneys, from levying said execution, and from making any levy or collection thereunder from or against these plaintiffs or their property, and from collecting or attempting to collect said judgment, and that upon the hearing of such restraining order the same may be ordered maintained and enforced until the hearing of this case and the taking of the proof touching the payment of the judgment due the said Heath in the manner hereinbefore mentioned, and that upon the final hearing of the case such injunction may be made permanent and said judgment ordered satisfied and canceled of record."

The defendant Heath filed an answer, in which he charged collusion and fraud on the part of the plaintiffs in the garnishment proceedings, and alleges, in substance, that the defendant Heath has neither lands, town lots, nor houses subject to exemption under the homestead law, and that said judgment is exempt. On the trial of the cause the court found the issues in favor of the defendants and dismissed the action. The plaintiffs appeal.

It appears from the record that on the 14th day of January, 1891, the defendant Heath filed an inventory, under oath, of all his property, real and personal, in the office of the clerk of the district court of Douglas county, a copy of which is set out in the record, from which it appears that

the defendant possesses but little property of any kind, and that the judgment in question is exempt under the statute. This inventory is not denied, and, therefore, must be accepted as true.    Heath being the head of a family and having "neither lands, town lots, nor houses subject to exemption as a homestead,    *    *    *    shall have exempt from forced sale or execution the sum of $500 in personal property."    Heath filed the inventory in the court where the judgment was obtained and seems to have complied with the law on his part.    There is no claim in this connection that he has resorted to any fraudulent device to dispose of his property, and so far as appears, he has made a truthful statement of all that he possesses.    This being so, the judgment in question was exempt, and the debtor could not without notice be deprived of it.    It is unnecessary in this connection to decide, the second question, viz., the right of a creditor to institute garnishment proceedings against a judgment debtor.    The question is quite important, and we would prefer to hear further argument upon it before we decide the same.    The judgment of the district court is right and is

.    AFFIRMED.

THE other judges concur.