S. R. MILLINGTON, Appellee, v. O. A. E. LAURER, Appellant.

1. **Exemptions:** PERSONAL EARNINGS OF ARTIST: VALUE OF MATERIALS USED. The personal earnings of an artist for painting pictures are exempt from execution under section 3074 of the Code. A judgment of the district court holding such earnings exempt will not be disturbed upon appeal because the amount thereby secured to the debtor includes a nominal sum for the cost of materials.

2. ——: ——: ASSIGNMENT: RIGHTS OF ASSIGNEE. Under an assignment of the personal earnings of a debtor, made within ninety days from the time the services were rendered, the rights of the debtor under the statute, exempting such claim from execution or attachment, passes to the assignee, although the latter be a nonresident of the state.

3. ——: ——: ——: RIGHT OF SET-OFF. Such a claim is not subject in the hands of the assignee to a set-off for the amount of a judgment existing against the assignor at the time the assignment was made.

*Appeal from Buchanan District Court.*—HON. D. J. LENEHAN, Judge.

SATURDAY, OCTOBER 14, 1893.

ACTION to recover for the painting of two pictures. There was a trial by the court, and a judgment in favor of the plaintiff. The defendant appeals.—*Affirmed.*

*Woodward & Cook* and *E. E. Hasner*, for appellant.

*H. W. Holman*, for appellee.

ROBINSON, C. J.—In March, April and May, 1891, F. C. Merrill painted for the defendant two pictures at the agreed price of one hundred dollars. On the ninth day of June, 1891, Merrill assigned his account for the painting to the plaintiff, a nonresident of this state. In the year 1873 one Mason recovered in the circuit court of Buchanan county a judgment against Merrill for the sum of one hundred and forty-two dollars and ten cents and interest thereon at ten per cent. per annum, and six dollars and sixty cents costs. That judgment is unpaid. It was assigned to James Dalton, and by him assigned to the defendant in December, 1886. The defendant admits that Merrill painted for him the pictures for the price stated, but claims that by agreement between them the price was to be applied in paying the judgment, and avers that he has always been, and is now, ready to so apply it. He also pleads the judgment by way of counterclaim, and alleges that he owned it at the time the claim for the painting was assigned to the plaintiff. The plaintiff denies that there was any agreement to apply the price of the painting on the judgment, and alleges that the price was the personal earnings of Merrill, exempt to him from execution, for the reason that he was the head of a family, and a resident of this state when the painting was done, and that the claim therefor was assigned to the plaintiff within ninety days from the time it was earned. The district court rendered judgment in favor of the plaintiff for one hundred dollars, with interest and costs.

I. Section 2546 of the Code is as follows: "In case of the assignment of a thing in action, the action by the assignee shall be without prejudice to any counterclaim, defense or cause of action, whether matured or not, if matured when pleaded, existing in favor of the defendant and against the assignment." Under this provision, any defense which the defendant had to the

1. EXEMPTIONS: personal earnings of artist: value of materials used.

claim in controversy while it was owned by Merrill is available against the plaintiff. Merrill denied the alleged agreement with the defendant to apply the price of the pictures on the judgment, and the district court was authorized to find that no agreement of that kind was made.

We are required to determine whether the evidence justified the district court in finding that the judgment against Merrill, owned by the defendant, was not a defense to the claim in suit when it was assigned to the plaintiff. Section 3074 of the Code provides that the earnings of a debtor, who is a resident of this state and the head of a family, "for his personal services, or those of his family at any time within ninety days next preceding the levy, are * * * exempt from execution and attachment." Merrill was a resident of this state, and the head of a family, when the pictures were painted, and also when the claim for their price was assigned. It is said by the appellant that the price of the pictures was not due for the personal services of Merrill, because his agreement required him to furnish the canvas, paints, and other materials which were used in producing the pictures. The evidence shows that the cost of all the materials used for that purpose was about one dollar and a half, or little more than nominal. It was so insignificant that we would not interfere with the action of the district court in holding in effect that for the purposes of this case the amount due for the pictures was due for the personal services of Merrill. The statute does not distinguish between the earnings of an artist, a mechanic or a common laborer, but exempts them alike, when other conditions essential to the exemption exist. *McCoy v. Cornell*, 40 Iowa, 458.

Since the amount in controversy was due for the personal services of Merrill, he had the right to transfer the claim for it, and the exemption from seizure for

the payment of his debts passed with it to his assignee. *Waugh v. Bridgeford*, 69 Iowa, 335; *Pearson v. Quist*, 79 Iowa, 54. The fact that the assignee was a nonresident of this state is wholly immaterial. The exemption was for the benefit of the debtor's family, and to hold, when exempt property is transferred, it becomes subject, in the hands of the assignee, to the payment of the assignor's debts, would in many cases destroy the value of the exemption by preventing the family of the debtor from deriving any benefit from it. The district court was authorized to find that the assignment in this case was made within ninety days from the time when the money was earned.

II. The remaining question to be determined, and the one of chief importance, is whether the judg-

2. ——: ——: ment owned by the defendant constituted
assignment: a defense to the claim of Merrill at the
rights of
assignee.    time it was assigned to the plaintiff. If

it did, the plaintiff took the claim subject to that defense, and, as it is less than the amount due on the judgment at the time of the assignment, the defendant should succeed. The determination of the question depends upon the proper construction to be given our statute. It is the well established rule, in this and most other states, that laws exempting the property of debtors from seizure for the payment of their debts are to be liberally construed, to the end that the purpose for which they were enacted may be accomplished. *Reynolds v. Haines*, 83 Iowa, 342. It has been held, in an action by the debtor to recover of his judgment creditor for exempt property which was taken on execution to satisfy the judgment, that the judgment creditor can not set off his judgment against the claim of the debtor for such property, on the ground that to allow such an offset would in most cases result in a palpable evasion of the law. *Wilson v. McElroy*, 32 Pa. St. 82; Thompson on Homestead & Exemption,

section 893; *Curlee v. Thomas*, 74 N. C. 51. In *Howard v. Tandy*, 15 S. W. Rep. (Tex. Sup.) 578, it was held that money in the hands of the sheriff, which had been realized for damages caused by the seizure and sale of exempt property under an execution against the owner of the property, could not be applied on an execution against such owner, in favor of the judgment creditor against whom he had obtained the judgment for damages. It was said that to permit such an application would in effect render nugatory the exemption laws of the state. In *Below v. Robbins*, 45 N. W. Rep. (Wis.) 416, it was held that a judgment for the wrongful conversion of property exempt from sale under execution was likewise exempt. In *Collier v. Murphy*, 16 S. W. Rep. (Tenn.) 465, it was held, that a judgment could not be set off in an action brought by the judgment debtor for wages due him which were exempt from execution, attachment and garnishment. It was said that the language of the statute which created the exemption, strictly construed, would protect the wages only from "execution, attachment or garnishment," yet the whole spirit of the act was such that it was intended to protect the wages from all manner of legal seizure. A statute of Nebraska exempts the wages of certain persons "from the operation of attachment, execution and garnishment process" for sixty days. It was held under that statute that, in an action for wages protected by it, an indebtedness from the employee to the employer, which existed and was due and payable before the wages were earned, could not be set off against them. *Deering & Co. v. Ruffner*, 32 Neb. 845, 49 N. W. Rep. 771. Some of the cases cited arose under statutes which were the same in legal effect, so far as they relate to the question under consideration, as the statute of this state, and all will serve to illustrate the rules of interpretation which are commonly applied to

statutes exempting property of debtors from seizure for the payment of their debts.   Section 3072 of the Code exempts from execution in certain cases the books and instruments of a physician.   It was held in *Reynolds v. Haines*, 83 Iowa, 342, that the money due under a policy of insurance for such books and instruments which had been destroyed was also exempt.   Where there is no special declaration to the contrary, the homestead of every family, whether owned by the husband or wife, is exempt from judicial sale.   Code, section 1988.   It has been held that, where a portion of a homestead is taken by judicial process for the right of way of a railway, the value thereof paid by the railway company is exempt from execution, at least for a reasonable time.   *Kaiser v. Seaton*, 62 Iowa, 463; *Mudge v. Lanning*, 68 Iowa, 641.   It will be noticed that the interpretation given to the statute is not in all cases the one which a literal following of its provisions would seem to require, but force and effect are sought to be given to the obvious legislative intent. It is clear that the money due to Merrill could not have been appropriated under an execution or attachment issued against his property.   That is conceded, and is according to the letter of the statute.   But the primary object of the statute is, not merely to protect the earnings of the debtor from seizure by means of the processes technically known as "attachment" and "execution," but to preserve them for the benefit of his family against any appropriation for the payment of his debts not authorized by law to which he does not consent.   It was said in *Banks v. Rodenbach*, 54 Iowa, 695, that an employer can not purchase claims against a laborer, and set them off against his earnings.

It is claimed by the appellant in this case that he gave to Merrill the contract for the painting because he owned the judgment, and adopted that method of collecting a part of it.   But Merrill did not assent to

that plan, and claims that he knew nothing of it, but supposed, when the agreement was made and the work was done, that the judgment was owned by Dalton. The defendant could not have appropriated the money in controversy by means of an execution, the ordinary method of enforcing a judgment, but seeks to accomplish what he is prohibited from doing directly by indirect means. This the law will not permit. We conclude that the judgment of the district court is right, and it is, therefore, AFFIRMED.