## The Beattyville Company, et al. v. Sizemore, et al.

(Decided May 2, 1924.)

### Appeal from Lee Circuit Court.

1. Master and Servant—Compensation Board Without Jurisdiction to Credit Against Award Expenses of Defending Common-Law Suit.—Neither the Compensation Board nor the court has jurisdiction, under Workmen's Compensation Act (Ky. Stats., sections 4940, 4943), to credit on award amount expended by insurer in defending a common-law action by the employee against the employer, especially in view of section 4913, rendering claims for compensation unassignable and exempt from claims of creditors.

2. Exemptions—Exempt Property May Not be Subjected Indirectly by Set-Off.—Exempt property of a debtor may not be subjected indirectly by appropriating it in satisfaction of a set-off, any more than it might be done upon a judgment obtained on the set-off in an independent action.

BEVERLY R. JOUETT for appellants.

ROSE & STAMPER and SAMUEL M. WILSON for appellees.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

Appellee, Guy Sizemore, sued the appellant, the Beattyville Company, to recover damages for personal injuries sustained while working in the latter's coal mine. One of the defenses of the company to that action was that it was operating under the Workmen's Compensation Act which Sizemore, as its employe, had also accepted in conformity with the statute, and the trial court so held and dismissed the petition. That judgment was affirmed by this court in the case of Sizemore v. Beattyville Company, 195 Ky. 776. A judgment was rendered against Sizemore in favor of the company, upon the determination of that case, for its court cost, but which did not include incidental expenses in defending the suit, such as attorney's fees and other necessary expenses incurred. After the opinion was rendered by this court, Sizemore applied in the regular manner to the Workmen's Compensation Board to obtain the proper award for his injuries and, upon a hearing before it, he was awarded twelve dollars per week for 150 weeks, which was the amount the appellant, Maryland Casualty Company, as insurer of the Beattyville Company under the compensation act, had offered him before he filed his common law action. After making that award by the compensation board, the insurance company petitioned it in the regular way to obtain an order from it crediting the award by $653.30, which it claimed was incurred by it in defending the common law action prosecuted against the Beattyville Company, which it had also indemnified, and which action it in reality defended under the terms of its indemnity policy requiring it to do so. That sum included the adjudged court cost of the common law action in favor of defendant therein as well as attorney's fees and other incidental expenses. The board adjudged that it was without jurisdiction to determine the question presented and dismissed the application therefor. The matter was taken to the circuit court in the manner prescribed by the Workmen's Compensation Act, and that court was of the same opinion and sustained the demurrer filed to the petition for a review in that court, and in which all the facts were pleaded, and plaintiffs (or petitioners) declined to plead further and their action was dismissed, from which judgment they have appealed to this court.

The jurisdiction of the compensation board to determine the question presented is claimed by appellants to be conferred by sections 4940 and 4943 of the Workmen's Compensation Act. The first one says: "If the board or any court before whom any proceedings are brought *under this* act shall determine that such proceedings have been brought, prosecuted or defended without reasonable ground, it may assess the whole cost of the proceedings upon the party who has so brought, prosecuted or defended them." (Our italics.) While the second one is thus worded: "All questions arising under this act, if not settled by agreement of the parties interested therein, with the approval of the board, shall be determined by the board except as otherwise herein provided for." It is earnestly contended that the board had jurisdiction in the premises because of those sections and that it erred in holding to the contrary; but our interpretation of section 4940 (the provisions of which are the only essential ones involved) is that it refers exclusively to proceedings provided for *by the statute* and that it has no reference to costs growing out of a common law action wholly outside and independent of any of its provisions. The only ground upon which *this* proceeding may be considered as one "brought under this act" is the fact that appellants saw proper to do so, although the act itself does not provide for any such remedy. It is, therefore, our conclusion that the subject matter of this proceeding is not such as is contemplated by the section.

However, section 4913 of the statute says: "No claim for compensation under this act shall be assignable, and all compensation and claims therefor shall be exempt from all claims of creditors." The court costs composing a part of the total amount of the credit sought to be enforced herein is now evidenced, as we have seen, by a judgment against Sizemore in favor of his employer. If the claimed attorney's fee and other incidental expenses going to make up the balance of the credit insisted on could be considered as an enforceable claim against Sizemore (a question which we do not determine), then its status in this case is in the nature of a set-off in favor of appellants as creditors against him as debtor. The broad terms of section 4913 exempt the awarded compensation from claims of *all* creditors which would include any creditor, notwithstanding he may also be the one against whom the award was rendered. There is nothing in the

terms of the statute which would favor such a creditor above others who were in no manner obligated to pay the awarded compensation.

On the other hand, if we should be mistaken in our interpretation of section 4940, and if counsel's interpretation thereof should be accepted as the correct one, then the only authority of the board conferred therein is to *assess* the cost of the wrongfully brought proceedings, which is tantamount to rendering a judgment against such party for it, and there is nothing in the section even intimating that when so assessed or adjudged it may be recouped out of any awarded compensation, which conclusion is especially true in view of section 4913.

Neither does appellant, insurance company, occupy any vantage ground, because of its being payor of the compensation, so as to enable it to collect or obtain credit for the cost (which, in effect, is the same thing) by way of set-off against the award. Section 4913 renders the compensation exempt from any of the employes' debts, and the law is that exempt property of a debtor may not be subjected indirectly by appropriating it in satisfaction of a set-off any more than it might be done upon a judgment obtained on the set-off in an independent action. 18 Cyc. 1463; 24 R. C. L. 815; 27 Corpus Juris 97; Mulliken v. Winter, 2 Duv. 256, 87 Am. Dec. 495; Winstead v. Hicks, 135 Ky. 154, and Grant v. Phoenix-Jellico Coal Co., 155 Ky. 585. The text in the reference to Cyc. says: "A debtor's right to exemption cannot be defeated by a set-off by the creditor. To subject the debtor's demand to the creditor's set-off would be as much a legal seizure thereof as if a creditor had impounded it under process of garnishment on an execution or attachment. The legal effect would be the same in either case and therefore it cannot be allowed." One of the many cases cited in note 29 to that text is Millington v. Laurer, 89 Iowa 322, 48 Am. St. Rep. 385, wherein the right of set-off against an exemption claim was denied upon the grounds that one can not accomplish by indirect means what he is prohibited from doing directly; and in the course of the opinion, the court said: "The defendant could not have appropriated the money in controversy by means of an execution, the ordinary method of enforcing a judgment, but seeks to accomplish what he is prohibited from doing directly by indirect means. This the law will not permit." The same logical and, to our minds, unanswerable

ground, underlies the opinions of other courts arriving at a similar view.

Since, therefore, both the compensation board and the circuit court properly dismissed the petition, the judgment should not be disturbed regardless of the reason actuating the court in doing so, and it is therefore affirmed.