STATE, EX REL. C. A. SORENSEN, ATTORNEY GENERAL, V. BANK OF CRAB ORCHARD: L. E. LAFLIN, APPELLANT: RUSH G. MYERS, APPELLEE.

FILED JANUARY 7, 1932. No. 27897.

*Loren H. Laughlin,* for appellant.

*F. C. Radke* and *Magdelene Craft Radke, contra.*

Heard before GOSS, C. J., DEAN, EBERLY and PAINE, JJ., and BLACKLEDGE, District Judge.

PAINE, J.

This is an appeal from a judgment of the district court for Johnson county, Nebraska, denying an application of L. E. Laflin, claimant and assignee of a judgment for $3,426.36 against Rush G. Myers, appellee, purchased from the receiver of the Bank of Crab Orchard. The said Rush G. Myers, as administrator of the estate of Isaac S. Platt, had a deposit in said failed bank, which had been reduced by dividend to the sum of $2,944.52, and the said Rush G. Myers had paid the heirs in said estate and become the owner of said deposit in his own right. Upon this deposit a dividend of $324.68 had been declared, and was due him because he was entitled thereto as assignee. L. E. Laflin, claimant and appellant, made application to have the court order the receiver to pay this and also future depositor's dividends to him to apply upon his judgment entered on a mandate from this court in *Bank of Crab Orchard v. Myers,* 120 Neb. 84. Myers claimed the entire dividend, being less than $500, as exempt to him in lieu of homestead as the head of a family, and his claim was sustained by the district court.

Many of the facts upon which this case is founded were set out in the decision of Good, J., and the dissenting opinion of Rose, J., in the case of *Bank of Crab Orchard v. Myers, supra,* and such facts will not be reviewed in this opinion. The appellee had filed an affidavit, claiming a homestead right in his old farm, which was being foreclosed. On September 22, 1930, the district court determined that Myers had no homestead right in said farm and appointed a receiver therefor. Upon the same date, L. E. Laflin filed an application to apply this dividend of 13 per cent., then declared upon the claim owned by said Myers as assignee, to the payment of the judgment which he had purchased from the receiver against said Myers, originally

founded upon promissory notes given by Myers to the bank. To this application Myers filed affidavits, in which he set out that he was the head of a family, and that his entire property consisted of said dividend of $324.68, two suits of clothes, and three shares of worthless stock, and that he had no other property. This claim for exemption ·was contested, and it was charged that he was a part owner of the Model Grocery, at 3104 Holdrege street, Lincoln, Nebraska. Several affidavits were filed, and depositions were taken in relation thereto. The son testified that the trade name, Myers & Son, in which name the store was run, referred to his mother and himself, and not to his father; that his mother had advanced $1,000 towards the purchase of the store, and he had advanced $900, and that his father worked simply as a clerk in said store, and had no other interest in it. A personal property tax schedule was signed, "R. G. Myers by wife," and the wife testified that she signed the same in that manner simply under the direction of the deputy assessor.

Rush G. Myers testified that he was 61 years old, lived in Lincoln, that he had no longer any interest in the farm in Johnson county, taken from him under foreclosure, nor other real estate of any kind, no money in any bank or otherwise, and claims said dividend in lieu of his homestead exemptions of $500.

1. The appellant sets up several assignments of error, among them the following: That the court erred in finding appellee entitled to claim exemption up to $500 in the dividend declared by the receiver of said bank; that the court erred in holding that the claim for exemption was properly made and presented by the appellee, and insists that a full and complete disclosure and inventory was not made by the appellee; and that the court erred in not holding that appellant was entitled, as assignee of the bank's judgment, to impound and hold the dividend declared in favor of the appellee, and that this right was superior to any claim of homestead exemption. Appellee had resisted the application upon the ground that no execution had first been

issued. The district court decided that the procedure followed in the case was proper; that the appellant, L. E. Laflin, was not obliged to first issue an execution.

The weight of authority is to the effect that, when it appears that the debtor is insolvent, the issuance of execution and a return of *nulla bona* are not necessary, since their purpose is to establish insolvency of the debtor and want of remedy at law, and where the debtor is shown to be insolvent by other satisfactory evidence, and the issuance of execution would be of no practical utility, it may be dispensed with. *Selz v. Hocknell,* 63 Neb. 503; *Sayre v. Thompson,* 18 Neb. 33; 15 C. J. 1396-1397; *Veith v. Ress,* 60 Neb. 52; *Sturtevant Co. v. Bohn Sash & Door Co.,* 59 Neb. 82.

2, 3. The real contest in this case is based upon two sections of our statutes. Appellee defends upon section 20-1553, Comp. St. 1929, which reads in part: "All heads of families who have neither lands, town lots or houses subject to exemptions as a homestead, under the laws of this state, shall have exempt from forced sale on execution the sum of five hundred dollars in personal property, except wages," etc. And appellant rests his case upon section 20-818, Comp. St. 1929, reading as follows: "When cross-demands have existed between persons under such circumstances that if one had brought an action against the other a counterclaim or set-off could have been set up, neither can be deprived of the benefit thereof by the assignment or death of the other, but the two demands must be deemed compensated, so far as they equal each other."

Does the statute last set out supersede the statute of exemption in lieu of homestead?

May the appellant, Laflin, have an order of court directing the receiver to pay him this dividend of $324.68, due Rush G. Myers, to apply upon his judgment secured by the receiver upon promissory notes of the said Rush G. Myers, given to the same bank?

Appellant insists that the decision in this case should be governed by the case of *Serhant v. Haker,* 73 Ohio St. 250,

which holds that the right of set-off is not subject to be defeated by the provisions of other sections relating to exemptions. Yet, an examination shows that the Ohio statute on exemptions, section 5441, Rev. St. 1905, is merely permissive, and reads that the husband and wife living together *"may"* in lieu thereof hold exempt from levy and sale real or personal property not exceeding $500 in value, while our Nebraska statute reads on that point that all heads of families *"shall have exempt."*

We have carefully considered the opinions cited by the appellant, especially this case of *Serhant v. Haker, supra,* and also *Caldwell v. Ryan,* 210 Mo. 17, 16 L. R. A. n.s. 494, 124 Am. St. Rep. 717. We will admit that North Carolina also stands with Missouri and Ohio in *Lynn v. Cotton Mills,* 130 N. Car. 621, but we are convinced that the courts of these three states are entirely out of line with the great weight of authority.

Statutory exemption laws are founded upon public policy. Each state has a right, as well as a duty, to protect an unfortunate head of a family from having all his property taken from him and he be forced to become a charge upon the taxpayers. In perhaps just one state, Louisiana, it was held, in 1850, that exemption laws should be strictly construed, *Hanna v. Bry,* 5 La. Ann. 651, 52 Am. Dec. 606, in which case a horse, used to visit his patients, was taken from a practicing physician. On the other hand, nearly every other court has said that exemption laws should receive liberal construction in favor of the poor man. Without extending this opinion too far, we cite: "Exempt property of a debtor may not be subjected indirectly by appropriating it in satisfaction of a set-off, any more than it might be done upon a judgment obtained on the set-off in an independent action." *Beattyville Co. v. Sizemore,* 261 S. W. 620 (203 Ky. 7). See 25 C. J. 128. A creditor holding a judgment against the debtor, cannot set it off as against a judgment obtained by the debtor, where the debtor's entire property including the judgment does not exceed the amount of his exemption. *Carpenter v. Cool,*

115 Ind. 134. Nebraska has held that a judgment may be claimed as exempt property. *Mace v. Heath,* 34 Neb. 54.

In *Deering & Co. v. Ruffner,* 32 Neb. 845, an insolvent Cass county man was indebted to Deering & Company for $292.35. The company urged him to enter their employ during the rush season, at a salary of $100 a month and expenses, and agreed to pay him one-half the salary in cash and credit the balance on his debt to them. At the end of two months he was given a receipt for $200, and was told with an oath he could get no more. The district court found that he was the head of a family, and was entitled to receive the amount agreed to be paid him. ·This case may not be exactly in point, as it was decided under a provision of statute exempting 60 days' pay to the head of a family. If we admit that this case is not in point, then perhaps no Nebraska case is exactly parallel, as counsel insist.

The appellant contends that his application comes strictly within his statutory rights, yet "where a plaintiff brings an action for wages due from the defendant, and such wages are exempt to the plaintiff, the defendant cannot counterclaim a debt due from the plaintiff to him, although the counterclaim comes within the letter of the statute." *Bradley v. Earle,* 22 N. Dak. 139, Ann. Cas. 1914A, 1181.

Admitting that this exact question may never have been passed upon by this court, it occurs to us that the exemption law, allowing $500 to heads of families in Nebraska, means exactly what it says, and that courts are required to carry out the exemption law in a liberal spirit, and that the head of every family has the right to have at least $500 personal property that creditors cannot take from him. This court now holds that, when there is a doubt as to whether or not property should be exempt, such doubt should be resolved in favor of the head of the family claiming exemption. The plain purpose of our exemption laws is to save to a debtor, who is the head of a family, personal property up to the value of $500. *Phelan v. Lacey,* 51 Okla. 393,

L. R. A. 1916B, 786. See, also, *Hoyt v. Pullman,* 51 Okla. 717, L. R. A. 1916B, 1288.

The district court was right in holding that the claim of appellee, that $324.68 be safeguarded to him under the exemption laws as the head of a family owning no real estate, is paramount to the claim of the appellant to be given said sum to apply on his judgment against the appellee.

AFFIRMED.