John Calhoun WELLS, Commissioner of Labor and Custodian of the Special Fund; and Coal Workers' Pneumoconiosis Fund, Appellants,

v.

Albert JONES, South East Coal Company, and Workers' Compensation Board, Appellees.

and

SOUTH EAST COAL COMPANY, Appellant,

v.

Albert JONES, Special Fund, Coal Miners' Pneumoconiosis Fund, and Kentucky Workers' Compensation Board, Appellees.

Court of Appeals of Kentucky.

Sept. 9, 1983.

Discretionary Review Denied Feb. 9, 1984.

John E. Stephenson, Asst. Counsel, Dept. of Labor, Louisville, for John Calhoun Wells, Special Fund, and Coal Miners' Pneumoconiosis Fund.

Grayson Johnson, Hindman, for Albert Jones.

Gene Smallwood, Jr., Polly, Craft, Asher & Smallwood, Whitesburg, for South East Coal Co.

Before DUNN, WHITE and WILHOIT, JJ.

WILHOIT, Judge.

These appeals have been taken from an order of the Knott Circuit Court affirming an award by the Workers' Compensation Board to the appellee Albert Jones. The Board held that Mr. Jones became totally and permanently disabled on January 24, 1980.

The appellants contend that the Board erred in awarding Mr. Jones benefits for total disability from January 24, 1980, to December, 1980, because he received unemployment compensation benefits during that period, thereby permitting him a "two-fold recovery." They also contend that his admission that in order to receive the unemployment compensation he signed a statement that he was "ready, willing and able to go to work" constitutes an admission that he was not permanently and totally disabled during the time he received such compensation.

The fact that a worker may be willing and able to work at some occupation does not necessarily preclude his being totally disabled for purposes of workers' compensation. *See Caudill v. Maloney's Discount Stores,* Ky., 560 S.W.2d 15 (1977); *Osborne v. Johnson,* Ky., 432 S.W.2d 800 (1968); KRS 342.620(11). For this reason, the statement signed by the claimant to obtain unemployment compensation is not inconsistent with the position which he took before the Workers' Compensation Board. In discussing cases such as this, Professor Larson observes:

> At first glance the two positions may appear mutually exclusive; but the inconsistency disappears when the special meaning of disability in workmen's compensation is remembered.... [T]he point here is that the courts do not feel it to be their duty to rule out an otherwise proved case of disability because of this kind of representation in an unemployment insurance application.

2 A. Larson, *The Law of Workmen's Compensation* § 57.65, at 10–164.159 (1982).

There was substantial evidence here to support the Board's finding of total disability as of January 24, 1980. In fact, there was evidence that the reason the claimant was discharged by his employer on that date was because the claimant was no longer to work inside the mines.

As to the appellants' argument concerning "two-fold recovery," we find nothing in the workers' compensation statutes, and we are referred to nothing there, which

851

would authorize the Board to deny workers' compensation benefits for the period of time that unemployment compensation benefits are received by a claimant. KRS 342.-700, cited by one of the appellants, establishes no such requirement. That statute refers to third-party liability in damages for tort. If KRS 341.360 has any application to this situation, and we do not see that it does, it would affect unemployment compensation, not workers' compensation benefits. Apparently, the appellant employer elected not to contest the claim for unemployment compensation. Simply stated, the statutory scheme does not implicitly or explicitly give the Workers' Compensation Board jurisdiction to offset an award of unemployment benefits against its award of workers' compensation benefits, so it could not have erred in failing to do so. *Cf. Beattyville Co. v. Sizemore,* 203 Ky. 7, 261 S.W. 620 (1924); *Pierce v. Russell Sportswear Corp.,* Ky.App., 586 S.W.2d 301 (1979); *Bryan v. Henderson Electric Co.,* Ky.App., 566 S.W.2d 823 (1978); *see also Page v. General Electric Co.,* 391 A.2d 303 (Me. 1978). It may well be that sound public policy would require such an offset in some or all cases, but that is properly a matter for carefully considered legislation not judicial fiat. *See* 4 A. Larson, *supra* § 97.20, at 18–12 (1983).

The order of the circuit court is affirmed.

All concur.