## BEVAN V. HAYDEN, Sheriff, &c.

1. EXEMPTION: EVIDENCE. The sufficiency of the evidence to show that a team was "habitually used" by the owner to earn a livelihood, and was exempt from execution, considered.

2. SAME: CONSTRUCTION. The exemption laws should be liberally construed.

3. SAME: TEAM. A team which has been procured in good faith for the "habitual use" of the owner in earning a livelihood, is exempt from levy and sale under execution.

4. WITNESS: COMPETENCY. The plaintiff in an action of replevin against a sheriff to recover the possession of property taken in attachment, is not, under § 3982 of the Revision of 1860, rendered incompetent as a witness by the death of the attachment plaintiff.

5. REPLEVIN: PARTIES. In an action of replevin to recover property taken by a sheriff under a writ of attachment, the executor of the plaintiff in the attachment suit is not a proper party.

6. SAME: EVIDENCE. In an action of replevin a bill of sale of personal property, executed by a third person and ratified by the plaintiff, is not admissible for the purpose of showing that plaintiff is not entitled to the possession, unless connected with evidence showing that the possession was transferred under such sale.

7. PRACTICE: NEW QUESTIONS IN APPELLATE COURT. The Supreme Court will not consider questions not raised and passed upon in the court below.

8. IMPERFECT INSTRUCTIONS. It is not error to refuse an instruction when asked in terms requiring modification.

9. SALE OF EXEMPT PROPERTY. A person owning property exempt from execution, may dispose of the same by sale, and an attachment levied while a sale is being made and before it is perfected, does not affect the right of the owner under the exemption laws.

Bevan v. Hayden.

*Appeal from Dubuque District Court.*

FRIDAY, APRIL 11.

THE facts are stated in the opinion of the court.

*Wiltse & Sawyer* for the appellee, contended,

1. That plaintiff did not belong to one of the classes of persons entitled to an exemption of a wagon, under § 3304 of the Revision of 1860. 2. That as the defendant had two wagons, the one for which he had a team was exempt,~if either. 3. That by consenting to the attachment of the wagon in controversy, he waived his right of exemption.

*Burt & Angell* for the appellee.

LOWE, J. — Replevin to recover the possession of a two-horse wagon, which had been seized under an attachment at the suit of one McDonald, by defendant, then sheriff of said county ; but which the plaintiff claimed fell within the class or description of property which, under the Statute, was exempt from levy. On a trial thereof the plaintiff's claim was sustained, and the court, after overruling a motion for a new trial, rendered in his behalf a judgment for the property.

The bill of exceptions certifies all the evidence adduced on the trial, the instructions given and refused, as well as the grounds upon which the new trial was asked and overruled, disclosing the points excepted to at the time, and which are now urged as matters of error.

The first assigned error claiming our attention will be the question, whether the verdict of the jury was so manifestly against the weight of evidence as to have made it the duty of the court below to grant a new trial. The evidence is brief, and may be stated in substance, as follows ·

"The plaintiff was the head of a family, and up to July or August, 1858, was a plumber by trade, at which time he ceased to follow that business for a livelihood. In the spring of that year he had taken said wagon in payment of a debt. In the forepart of September, 1858, he sold his house in Dubuque, taking in exchange therefor land in Fayette county, to which he afterwards removed for the purpose of farming. During a portion of the months of August and September, of the same year, he hauled with said wagon some lumber and stoves for himself, and a quantity of wood for a Mr. Green, receiving in pay therefor some five cords of wood. After this, on the 18th day of September, 1858, the wagon was attached, being found in the possession and on the premises of the plaintiff, who was present at the time and made no objection, but said that the wagon belonged to another man. At this same time the plaintiff also had a one-horse wagon, which he sold during the ensuing winter, and owned but one horse, borrowing or hiring from a Mr. Green a horse when he used a double wagon. This Mr. Green testified that the plaintiff did use the wagon in controversy as a teamster, to obtain a livelihood for himself, but that he had bought the wagon of him the day before it was attached; yet he failed to state that there had been any delivery; nor did he state any other fact from which it could be inferred that the title had passed from the plaintiff to him, so as to affect the right of creditors."

The foregoing is the sum of all the testimony introduced. It is quite apparent that it leaves the question of exemption in much doubt. If the verdict of the jury had been the other way, its disturbance on the ground that it was not fairly supported by the evidence, would have been very questionable, if not quite unjustifiable. We are inclined to the same opinion in its present form. The question is not as to mere preponderance of evidence, but whether the

verdict of the jury was so manifestly and clearly against the weight of evidence as to authorize us to overrule the exercise of discretion by the court below, the motion for a new trial being determined against the defendant.

In giving the exemption law a liberal construction, which we are required to do, we suppose the intent of the legislature is reached and reflected, when we hold that if a person abandons one employment and procures a team or a part of a team, intending to complete it for the purpose of using the same in good faith to earn for himself a livelihood, that that is such an habitual use of the team in contemplation of the statute, as to exempt the same from levy, whether the party claiming the benefit of the exemption law has had an opportunity of using the property much or little. He must make a beginning; and if his new character as a teamster is shown, the property which he honestly intends to use in that capacity to earn for himself a living, should be as effectually shielded from levy and sale, during that period, as if he had used it for a whole year.

Now the jury may have concluded, from the evidence showing that the plaintiff gave up his business as plumber, and exchanged his property in the city of Dubuque for farming land in the country, on which he intended to live and to which he did subsequently move, that the wagon was essential to use in his new occupation of farming; and that it was his privilege to choose between the one and the two horse wagons, which he should hold and employ for that purpose. The former had only been used in his trade as plumber, and was subsequently sold. It is true that there are other facts and circumstances already detailed in the evidence, from which a different conclusion might be reached. But they are not of that clearly preponderating and controlling character that would justify us in saying that the court erred in not pronouncing the conclusion to which

the jury had arrived, under the evidence, unauthorized, and therefore should have set it aside.

A question in relation to the competency of the plaintiff to testify is made under § 3982 of the Revision of 1860. The objection is based upon the idea, not proved, but suggested by the counsel, that McDonald, the plaintiff in the attachment, had deceased, and that the facts of which the witness was about to depose had transpired before his, the said McDonald's, death.

If, in the absence of proper proof of the facts which, if true, would exclude the testimony, this objection can be made; still we hold that it is not well taken. The defendant is not an executor, in fact, nor does he represent the interest of, or stand in the place of, an executor in law. It is not his duty, nor has he the right to seize property exempt from process, or which does not belong to either of the parties to the process. If he does he is a *tort feasor*, and can alone be held responsible for the trespass.

Nor did the court below, under the circumstances, err in refusing, upon application, to make the executrix of McDonald a party defendant to the proceeding. Nor, again, did the court err in refusing the defendant's evidence which he offered to introduce, to the effect that the plaintiff's wife, Mrs. Bevan, had, the day before the attachment was levied upon the wagon, executed a bill of sale for the same to one Green. Proof of such a bill of sale although subsequently ratified by the plaintiff, would not, for the purposes of this suit, be adequate to show title in a third person without additional testimony of a change of possession, which was not made, nor offered to be made. The matter of fact is, the evidence shows that no delivery of possession ever *did* take place under that bill of sale, nor is it pretended or shown that Green made any claim thereto. Under such circumstances it is difficult to perceive how the defendant received any detriment from the rejection of the testimony.

Quite a number of errors assigned, are based upon questions not raised in the court below, or excepted to, and cannot, therefore, be regarded by us. The bill of exceptions shows that the first, second, and third instructions asked by the defense were refused, and also one given by the court, to which exceptions were taken, and these will be briefly noticed.

Neither the language nor meaning of the first instruction refused is sustained by the testimony, and should not have been given, except with proper qualification. We have already held that it was not error to refuse an instruction when asked in terms requiring modification. 10 Iowa, 347.

The second instruction refused was founded upon the rejected evidence in relation to the bill of sale which we have already considered. ·

The third instruction was so clearly inadmissible that we do not deem it necessary to state the same, or to offer any comments upon it. Counsel for the defense do not in their argument seem to insist upon it.

The following is the instruction given by the court which is claimed to be erroneous:

" That if Bevan consented to the attachment, because he supposed the sale to Green valid, and it turned out that it was not valid as against attaching creditors, because the bill of sale was not recorded, yet he would not be precluded from bringing replevin for the wagon."

The officer attaching the wagon testified that in doing so, the plaintiff did not object; made no claim of exemption, and consented, as he understood him, but at the same time claimed that he had parted with the wagon by sale. The evidence explains the reason why he consented, or did not object. It was because he had sold the wagon, as he supposed, to another person. It so happened, however, that before the sale was entirely completed, that is, before a delivery or change of possession had taken place, the wagon

was attached by a creditor. This turning out to be the case, the plaintiff afterwards re-asserted his right to the property, claiming it to be exempt from levy. Now, the principle intended to be asserted by the foregoing instruction, although not very aptly or fully expressed, is this, that a person owning property exempt from attachment has a right to dispose of the same by sale; if he attempts to do so and the property is attached before the sale becomes effectual in law, he will not lose his rights under the exemption law thereby, but may insist upon the same. The soundness of such a rule, supposing the parties to act in good faith, will not be gainsayed.

Although the regularity of the proceeding in this case has been assailed in many particulars, still we see no sufficient reason why the judgment below should not be

Affirmed.