CASE 15—PETITION ODINARY—FEBRUARY 17.

## Mulliken vs. Winter.

APPEAL FROM BRACKEN CIRCUIT COURT.

Where a housekeeper, with a family, owns but one cow, and sells her to enable him to buy another that gave milk, the purchaser, knowing at the time the object of the sale, will not be allowed to set off against the price which he agreed to pay in money any debt he may hold against the seller, but will be compelled to pay the whole price in money.

H. TAYLOR, for appellant, cited 1 *Rev. Stat.*, *pp.* 423, 486; 7 *B. Mon.*, 586.

STANTON & THROOP and F. L. CLEVELAND, for appellee, cited 6 *J. J. M.*, 234; 6 *Maryland*, 37.

JUDGE WILLIAMS DELIVERED THE OPINION OF THE COURT:

Mulliken being a housekeeper, with a family, and having but one cow, and she dry, agreed to sell her to Winter for the purpose of getting money with which to purchase another cow then giving milk; and this Winter well understood, and agreed to pay the money on delivery of the cow.

The cow was delivered at the weighing scales as agreed, and her weight ascertained, when Winter announced that he did not have the money with him, but would pay it over the same afternoon, if Mulliken would call at the neighboring town of Minerva, where he lived. Whereupon, Mulliken, after stating the object of the sale and receiving the assurance of payment, agreed that Winter should take the cow.

When Mulliken, a few hours thereafter, called to receive the payment, Winter presented him a note for $54, due 13th April, 1865, which he had executed to David Manner, and tendered the remainder of the price in United States legal tender treasury notes. Whereupon, Mulliken sued Winter before the county judge for the price of the cow. The county judge, having adjudged that the note was a good set-off, gave judgment to Mulliken for $7 45 and costs, from which he appealed to the circuit court.

Winter confessed the correctness of the judgment of the county judge, and offered to pay it; whereupon, the circuit court adjudged the cost of the appeal against Mulliken, and ordered the money tendered in court to be paid over to him; from which he appeals to this court.

By our statute, two cows and calves are exempt from execution to every housekeeper with a family, the policy of which is to secure to every family that are keeping house a sufficient subsistence, which is regarded as paramount to the claim of creditors; and such property being exempted anterior to the creation of this debt, constitutes no part of the estate of the debtor relied on by the creditor for its payment, and, therefore, gives him neither a legal nor moral right to look to such property for payment. And whatever right the head of the family and owner of the property may have to sell and convert it, and should he sell it on credit, however creditors, who are

entirely innocent of any contrivance to get it so converted, may attach such a claim and subject it to the payment of their claim, still, as virtually decided by this court in Callitt vs. Jones and Hall (7 *B. Mon.*, 586), where the creditor of an insolvent debtor, by his own act, attempts to violate the letter or spirit and objects of the statute in getting such property converted, he will not be permitted to avail himself of his own wrong.

It is apparent in this case that Mulliken would not have sold his only cow but for the purpose of purchasing with the proceeds another cow then giving milk, which would be more beneficial to his family; and this Winter understood, and, by his promises, induced Mulliken to part with his cow. His subsequent conduct tends to the inference that all these promises were a contrivance on Winter's part to get possession of the cow, and then to speculate by the purchase of this note; so that he, by his own conduct, has been instrumental in depriving Mulliken's family of a right secured them by statute. Besides, it is a violation of his express agreement; and certainly where a party promises to pay the money on delivery of property, in which case no title vests until the payment, and then, by a contrivance and promise, gets possession of the property, the law will not encourage the violation of his agreement by permitting him, in disregard of his undertaking, to purchase in debts to plead as an off-set, and all such attempts should be discouraged.

The court should have adjudged against Winter the full price of the cow for the benefit of Mulliken's family, not to be subjected in any manner to any off-set or judgment or legal proceeding of Winter on said note.

Should Winter desire, he may have judgment over against Mulliken on said note; but the price of the cow in no manner to be subjected to its payment.

Wherefore, the judgment is reversed, with directions to the court below for further proceedings: