### DAVIS, WATSON & Co. v. HUMPHREY.

1. Garnishment: EXEMPTION OF EARNINGS. Section 3307, Rev. of 1860, exempting the earnings of the debtor for his personal services or those of his family at any time within ninety days *next preceding* the levy, does not authorize the creditor to seize those accruing after that date by garnishing the employer.

2. ——— LIABILITY OF EMPLOYER. In such a proceeding, there arises no liability on the part of the employer, unless there should accrue, at some time subsequent to the garnishment, an indebtedness on his part to the laborer for more than ninety days' labor.

3. ——— Exemption laws will be liberally construed in order to carry out their object.

VOL. XXII.—18

*Appeal from Scott District Court.*

FRIDAY, APRIL 12.

PLAINTIFFS recovered judgment against J. H. and G. M. Humphrey, and on the 19th of May, 1865, issued execution thereon, claiming that the defendant, Robert Humphrey, was indebted to the execution defendant. They duly notified him on May 30, 1865, to appear and answer as garnishee. From this answer, made in February, 1866, and plaintiffs' admissions, it appears that J. H. Humphrey was a married man and the head of a family, and was hired by Robert to work for him in 1865, at $26 per month, payable each month. He worked until September 30, 1865, and was paid monthly. Every ninety days they had a final settlement, and all back wages were fully settled. Nothing was owing at the time the notice was served. Plaintiffs moved for judgment on this answer, because the garnishee could not, after garnishment, lawfully pay the money earned to the debtor, inasmuch as the wages earned after that time were not exempt from execution. Motion overruled; garnishee discharged, and plaintiffs appeal.

*Brown & Sully* for the appellants.

*Thompson & Campbell* for the appellee.

WRIGHT, J.—By our statute it is declared that the earnings of the debtor for his personal services and those of his family, at any time within ninety days next preceding the levy, are exempt from execution and attachment. Rev., § 3307. The law also is, that if the garnishee was indebted to the defendant in execution, or had any of his property in his hands, either at the time of being served with notice, or

1. GARNISH-MENT: exemption of earnings.

Davis, Watson & Co. v. Humphrey.

at any subsequent time thereto, he is liable to the plaintiffs, etc. § 3209.

In this case the garnishee did not owe the plaintiffs' debtor at the time of service. After this he worked for him four months; and now the question is, whether the creditors, by this process, could reach all or any portion of these earnings. We think not. Briefly, our view of the statute is this: It was the intention of the legislature to exempt the earnings of the debtor for his personal services for ninety days, because such exemption was deemed for the best interest of both creditor and debtor. This much it was thought best to place beyond the reach of process, that the laborer, the man who, by his personal services, supported himself and family, might be the better prepared to discharge this duty. And it is the earnings for three months or ninety days which are thus exempt. The creditor has no right to anticipate these wages accruing from these personal services. The earnings for three months the creditor cannot touch, whether accruing before or after the service of process.

It is true that the garnishee is to respond for property coming into his hands, or for money owing by him to the debtor, after as well as before service. But if there was no liability at the time of service, the creditor would then get nothing. If, after that time, the garnishee had more than the earnings for ninety days in his hands, at one time, he might be liable for the excess, but it was never intended that the creditor could, by garnishing the employer, hold and seize the earnings of the laborer for three months thereafter. Such a rule would enable the creditor to defeat the wise and beneficent rule of the statute.

Let us see how any other rule would work. The garnishee does not owe the debtor anything at the time the notice is served. There are then no earnings claimed as

exempt; none, in fact, exempted. Now the creditor locates the officer by the side of the employer, or follows the laborer from day to day, and seizes in advance his daily or monthly wages. If this is permitted, under the statute, then the exemption would amount to nothing; for the laborer could not, by any possibility, have, as his own, his earnings for ninety days.

The statute, when it refers to the time preceding the levy, contemplates, primarily, the seizure of the earnings, and not their attachment by garnishment. If there are no earnings liable, there is nothing to seize. Should the process of garnishment be adopted, however, if there is then nothing in the garnishee's hands, there is no liability. And unless, therefore, there should be more than ninety days' earnings in his hands, there would be nothing for the creditor to reach.

2. ——liability of employer.

The statute must receive a reasonable, a liberal, construction, one that will carry out its object and spirit. This is our plain duty, as a court. *Bevan* v. *Hayden*, 13 Iowa, 122; *Charless & Blow* v. *Lamberson*, 1 Id., 435. And, being satisfied that it is the earnings for ninety days —the earnings for personal services, which the law, in view of the welfare of society and the family, intended to exempt, and that the creditor has no right to seize these, whether he attempts it before or after the services are performed, we have no hesitation in affirming the judgment below.

Affirmed.