BRAINARD v. SIMMONS, GARNISHEE.

1. **Garnishment**: EXEMPT PROPERTY HELD UNDER FRAUDULENT CHATTEL MORTGAGE: LIABILITY OF GARNISHEE FOR VALUE OF: JUDGMENT ON UNCERTAIN EVIDENCE. Where the evidence showed that the garnishee held property of the execution debtor, to the value of $700, under a chattel mortgage which was fraudulent, because made for the purpose of putting the property beyond the reach of creditors, but that a portion of the property so held was such as was exempt in the hands of the execution debtor, *held* that judgment could not be rendered against the garnishee for the value of such exempt property; and, since there was no evidence as to the value of the property so exempt, it was impossible for the court to determine for *how much* the garnishee was liable, and that it was error to render judgment against him for any amount whatever.

2. **Referee**: REPORT OF: EVIDENCE TO SUPPORT. The report of a referee, like the verdict of a jury, will not be disturbed on appeal when there is any evidence which tends to support it.

*Appeal from Clarke Circuit Court.*

MONDAY, DECEMBER 14.

APPELLANT was garnished on an execution issued on a judgment in favor of plaintiff and against one Edsom Pennell. He answered denying that he was in any manner indebted to Pennell, or that he had any property in his possession belonging to him. Plaintiff filed a pleading controverting this answer. The case was then sent to a referee for trial, and judgment was rendered against the garnishee on the the report of the referee. The garnishee appeals.

*Temple & Tallman*, for appellant.

*W. M. Wilson*, for appellee.

REED, J.—The pleading filed by plaintiff controverting the answer of the garnishee alleges that, after the notice of

Brainard v. Simmons, Garnishee.

1. GARNISH-MENT: exempt property held under fraudulent chattel mortgage: liability of garnishee for value of: judgment on uncertain evidence. garnishment was served on him, the garnishee had in his possession property belonging to Pennell of the value of $800; and that he took possession of said property under a chattel mortgage executed to him by Pennell, but that said mortgage was given without consideration, and was executed for the purpose of putting the property covered by it beyond the reach of Pennell's creditors. The referee found that the mortgage was given as alleged in the pleadings, and that the garnishee took possession of the property under it. He also found that the mortgage was given without consideration, and for the fraudulent purpose alleged, and that the property covered by it was of the value of $700. Also that the garnishee permitted Pennell to sell a portion of the property, and to appropriate the proceeds to his own use. Also that the garnishee, after the notice of garnishment was served on him, sold a portion of the property at private sale as the property of Pennell, and permitted Pennell to make such sales of it, and made no claim at the time that he had any interest in it, and that the property and its proceeds were thus put beyond reach of Pennell's creditors. Another finding is that Pennell was the head of a family, and that a portion of the property in his hands would have been exempt from execution. But the referee finds, as a conclusion of law, that said property would not be exempt in the hands of the garnishee, and that he is answerable in this proceeding for the value of such property.

The garnishee filed exceptions to the report of the referee, and a motion to set it aside, one ground of which was " that the report of the referee fails to find the value of that part of the property which was exempt from execution in the hands of the execution defendant." Another ground of exception was that the conclusion that the garnishee was answerable in this proceeding for the value of that portion of the property which would have been exempt from execution in Pennell's hands is contrary to law. The circuit court

overruled the motion and exceptions, and entered judgment against the garnishee, as recommended by the referee, for the amount of plaintiff's judgment against Pennell; together with the costs which accrued in the action in which that judgment was obtained, and in the garnishment proceeding. This judgment, it will be observed, is based upon the findings of the referee; and the question as to its correctness depends upon whether the facts found show a liability by the garnishee for the amount of the judgment. The finding is that the garnishee, when he was served with notice of garnishment, had in his possession property of the value of $700 belonging to Pennell; and that the mortgage under which he took possession of it was fraudulent, but that a portion of the property in Pennell's hands was exempt from execution. Under this finding, there can be no question as to the liability of the garnishee for the value of that portion of the property which was not exempt from execution; but it is impossible to determine from the finding what that value is. The finding is that the value of the property in the aggregate is $700, but there is no finding as to the separate value of any portion of it. The question, then, whether the circuit court was warranted in rendering judgment against the garnishee for the amount it did, or for any amount, depends, we think, upon whether the conclusion of law by the referee, that the garnishee is answerable for the value of the exempt property, is correct. If the garnishee had received the proceeds arising from the sale of the exempt property, it may be that he would be answerable for the amount thereof. Counsel for plaintiff contends that he would be so liable, but whether this position is sound or not we need not consider, for the finding does not determine that any portion of the proceeds arising from the sale of the property ever came into his hands. The question, then, is whether the garnishee is answerable to the creditors of Pennell for the value of exempt property by reason of the facts that he took possession of it under the mortgage and sold it

for Pennell's benefit, or permitted him to sell it. In our opinion, he is not rendered liable by these facts. If the mortgage had been valid, it would have divested Pennell of his privilege or right of exemption in the property only so far as the debt secured by it was concerned. *Collett v. Jones*, 2 B., Mon., 19; *Evans v. St. Paul Harvester Works*, 63 Iowa, 204.

But the finding is that the mortgage in question is invalid, and that Pennell owed the garnishee no debt which could be secured by it. It is impossible, we think, that it could have been more effective in divesting Pennell's right of exemption than a valid mortgage which secured an actual indebtedness would have been. The property, then, was exempt from execution when the garnishee was served with the notice of garnishment, and it continued to be so exempt until he parted with the possession; and there is no principle upon which he can be held answerable to the creditors for it. We reach the conclusion, therefore, that the circuit court was not warranted by the findings of the referee in rendering judgment against the garnishee for any certain amount. The exceptions and motion to set aside the finding should have been sustained on the ground set out above.

Another ground of exception to the report was that the finding that the mortgage was not supported by a considera-

2. REFEREE: report of: evidence to support.

tion, and that it was given for the purpose of putting the property beyond the reach of Pennell's creditors, is not supported by the evidence. Appellant insists that the report should have been set aside on this ground. The finding of the referee has the force of a special verdict by a jury, and this court would be warranted in setting it aside only in case there appeared to be an absence of evidence to sustain it. Without setting out in detail the evidence upon which the cause was submitted before the referee, we deem it sufficient to say that there was evidence tending to prove the facts found by him, and we cannot disturb the judgment on this ground.

REVERSED.