REYNOLDS & CHURCHILL, Appellants, v. G. W. HAINES, Appellee.

Property Exempt from Execution: INSURANCE ON SAME. Where personal property exempt from execution, under section 3072 of the Code, is destroyed by fire, the avails of an insurance policy upon such property is likewise exempt.

*Appeal from Fayette District Court.*—HON. L. O. HATCH, Judge.

FRIDAY, OCTOBER 9, 1891.

PROCEEDINGS by garnishment against an insurance company to subject a sum due the defendant on a policy, upon which there had been a loss, to the payment of a judgment in favor of the plaintiffs. The proceedings were dismissed upon motion, on the ground that the money due on the policy is exempt from seizure for the debts of the defendant. The plaintiffs appeal.—*Affirmed.*

*G. H. Phillips* and *Ainsworth & Hobson*, for appellants.

*H. W. Clements*, for appellee.

BECK, C. J.—I. The plaintiffs caused process of garnishment to be issued against the Capital Insurance Company upon a judgment against the defendant,

claiming that the insurance company is a debtor of the defendant upon a policy issued to him upon which there had been a loss of the property insured. A motion to dismiss the proceeding was sustained upon the grounds, which were not disputed, that the property insured was exempt from execution, being books, instruments, etc., used by the defendant, who was a physician and surgeon, in the practice of his profession.

II.   The question presented for decision by the record is this:   Are the avails of insurance upon personal property which is exempt under the statute from debts of the assured also exempt?   The statute, Code, section 3072, declares that, "If the debtor is a resident of this state, and is the head of a family, he may hold exempt from execution" certain personal property, which includes the books, instruments, etc., of a physician, the property covered by the policy of insurance in this case.   There is no provision as to the exemption or liability of the proceeds or avails of such property when disposed of by sale or otherwise.

III.   The purpose of the statute is to secure to the debtor who is the head of the family—a physician and surgeon in this case—the instruments, books and other articles which enable him to practice his profession. Its purpose is to secure the necessaries of life—food, raiment and shelter—to families who are dependent upon the heads thereof, by securing to them the instruments and means by the use of which they are enabled to support their families.   The exemption is plainly for the benefit of the families of debtors, for those having no family can claim no exemption.   The statute must be liberally construed, to carry out its purpose and spirit.   *Bevan v. Hayden*, 13 Iowa, 122; *Davis v. Humphrey*, 22 Iowa, 139; *Kaiser v. Seaton*, 62 Iowa, 463. The debtor in the case before us was authorized, under the statute, to hold the property in question exempt from debts, if it were used for the purpose of his pro-

fession.  It is plain that the use for which the property
was kept determined the question of its exemption.
The books, instruments, etc., of the physician and sur-
geon may be kept subject to the authority to change
them, by sale or otherwise, in order to procure those of
better character or improved construction.  It is plain
that the physician may sell his books, and replace them
by better ones.  Such sale is a proper use of his books
and instruments in his profession.  Another proper use
of his books and instruments is their preservation from
injury and destruction.  He may insure them, to pro-
tect himself and family from loss from fire.  The fact
that they were insured would not make them subject
to his debts.  If they are destroyed by fire, the
indemnity secured by insurance stands in the place of
the books.  It is intended to preserve the physician's
library by securing means for its restoration after it is
lost by fire.  Surely that indemnity which is the indebt-
edness of the insurance company, or the money paid
by it, stands in the place of the library, and ought to
be, as it is, exempt from execution.  The money due
on the policy stands in the place of the property
destroyed, and this must be true whether the money
takes the place of the property by contract, or is
acquired *in invitum* by proceedings against the owner.

It is plain that a trespasser, by appropriating the
property and converting it to his own use, cannot
make it subject to the payment of the owner's debts by
holding the value of the property the measure of the
debtor's damages for the trespass, subject to garnish-
ment by the creditors.  If he could do this, it would be
a convenient method to defeat the exemptions of the
statute.  As we before remarked, the object of the
statute is to secure to the family the benefit of certain
property.  These benefits cannot be enjoyed unless the
debtor have the unrestricted use and control of the prop-
erty free from liability for debts as long as it is owned

and used by him. When it is used for other purposes than the support of the family, it becomes liable for debts. But the change of the property into money will not indicate an immediate abandonment of the claim of exemption to the money on the ground of a purpose to invest it in like or other exempt property. Until an opportunity exists to make such investment, which is not a change of articles of exempt property, the debtor ought not to be presumed to abandon his claim. The debtor, as we have seen, has the authority to change the articles of exempt property by sale and purchase, exchange, or otherwise. He cannot be presumed to have abandoned his right to this authority until he has had an opportunity to exercise it. The creditor cannot complain of its exercise. He is defeated of no right thereby. The property is held free of his debt, and he is not prejudiced by the change to other like property. These doctrines and conclusions find support in the following decisions of this court: *Kaiser v. Seaton,* 62 Iowa, 463; *Mudge v. Lanning,* 68 Iowa, 641. See, also, cases cited in *Kaiser v. Seaton, supra,* and the following: *Evans v. St. Paul Harvester Works,* 63 Iowa, 204; *Brainard v. Simmons,* 67 Iowa, 646; *Leavitt v. Metcalf,* 2 Vt. 342; *Mulliken v. Winter,* 2 Duv. 256; *Tillotson v. Walcott,* 48 N. Y. 188.

Counsel for the plaintiffs cite *Wooster v. Page,* 54 N. H. 125. It is not in harmony with our conclusions. We think that the reasoning upon which it is based is not sound. Other cases cited by the same counsel are not in conflict with our conclusions. They are to the effect that sales of exempt property, with no purpose to reinvest the avails in other like property, or to exchange the articles of exempted property, or are cases involving the exemption of pension money, and some other cases involving like questions, none of which are in conflict with our conclusions in this case.

We reach the conclusion that the judgment of the district court ought to be AFFIRMED.