## No. 13,465.

### SUCCESSION OF MICHELE MASCARI.

#### SYLLABUS.

A creditor of the succession, after the account of its administration had been filed, took an appeal against the homologation by petition and citation out of court.

The creditors whose claims had been correctly carried on the account were protected by the decree which is sufficietnly correct to protect their rights as creditors. After deducting their claims, the amount remaining for distribution was less than the lower limit of the Supreme Court's jurisdiction. Moreover, the appealing creditors did not make the creditors who were parties to the judgment, parties to the appeal. In order to sustain an appeal, all parties to the judgment must be made parties to the appeal.

A PPEAL from the Twenty-Eighth Judicial District, Parish of Jefferson—*Rost, J.*

*Rufus E. Foster* for Administratrix, Appellee.

*Alfred E. Billings* for Absent Heirs and others, Appellees.

*James D. Seguin* for Nicholos Lamantia, Appellant.

The opinion of the court was delivered by

BREAUX, J.   The attorney for absent heirs, who is also the attorney for Pauline Guezza, wife of Dominick Prisconeri, tutrix of her minor children, Joseph, Theresa, Kate and Frank Mascari, and as attorney of Marie Debello and of her husband, moved to dismiss the appeal on the following grounds:

1st—That the court is without jurisdiction *ratione materiae*.

2nd—That all the parties in interest have not been made parties to the appeal. The administratrix joins in this motion to dismiss the appeal.

Michele Mascari died on the 14th of November, 1898. In December following, his succession was opened. His sister, Petrina Mascari, averred, in her petition to have the succession opened, her heirship and that of the children of Christine Mascari, deceased wife of Calogora Romanio, and the heirship of the children of Texedino Mascari, widow of Antonio Tobueno, residing in Italy, if still living, and lastly the children of the predeceased brother who died in New Orleans on the 27th of April, 1890, leaving five children, four of whom are minors.

In her petition for an administration, the administratrix averred that an administration was necessary. She prayed for an inventory, which was made in the Parish of Orleans on the 12th of January, 1899, by Frederick Diebel, notary, showing assets amounting to seven hundred and eleven dollars. A prior inventory had been made in the Parish of Jefferson by John E. Tillotson, notary, showing property valued at eleven hundred and sixty-six dollars. Petrina Mascari qualified as administratrix.

In due time the property of the succession was sold. The administratrix filed a final account of her administration showing the gross assets to be $2902.14 and the liabilities $1303.93, leaving a balance of $1598.21 to be distributed among the heirs. The judgment appealed from was duly rendered. It was preceded by the advertisement and notice.

Whatever may be the rights of the appellant against the succession, the averments of his petition for an appeal do not question the validity of the claims of creditors carried on the final account. The evidence upon which the account was homologated, that is, the oath of the administratrix, was in the usual form, sustaining the correctness of each item of the account and this has been held sufficient. Succession of Rabasse, 50 Ann. 747.

Notice by advertisement had been given to the creditors and all concerned in the filing of the account for homologation. Appellant's allegations for an appeal show that he was well aware that an account had been filed. He is not an unknown or overlooked creditor who claims to be entitled to a contribution from creditors whose claims have already been approved by judgment.

There is another ground of dismissal urged by the appellee still more fatal to the appeal.

The appeal was not taken in open court, but it was taken out of court after the adjournment of the court. The creditors whose claims have been approved by the judgment were not made parties to the appeal. Appellant did not seek to make them parties. The petition does not ask that the creditors be cited and the order of appeal is silent as relates to those creditors. No application is made to have the case remanded in order that they may be made parties. All parties to the record must be made parties to the appeal. Dewey vs. Sheriff, 21 Ann. 209. The want of proper parties is fatal to the appeal. Robert, Executor, vs. Moniot, 11 Ann. 409.

In accordance with the rule laid down in repeated decisions it only remains for us to dismiss the appeal.

For reasons assigned, the appeal is dismissed.

Rehearing refused.