LAND, J.
 

 On April 28, 1927, a fire destroyed the homestead of the defendant, C. E. Graves, and part of the furniture on the premises. The loss was covered by a policy for $2,000 held by the defendant in the Fire Association of Philadelphia. The homestead was insured for $1,500 and the furniture for $500. The loss was adjusted by deducting from the full insurance of $2,000 the sum of $206, the value of the furniture saved from the fire, leaving a balance of $1,794 due to defendant under the policy, without allowing for other deductions hereafter mentioned.
 

 Plaintiff company, a judgment creditor of the defendant, has garnisheed the balance due defendant by the insurance company, and held in the hands of W. F. Pearce, agent for the Fire Association of Philadelphia.
 

 Defendant has intervened in the garnishment proceedings, and claims by third opposition that the avails of the policy are exempt from seizure for .his debts by virtue of the homestead and other exemptions secured to him under the Constitution and the laws of the state.
 

 Judgment was rendered in the lower court recognizing the exemptions claimed by third opponent, annulling the writ of garnishment, and setting aside the seizure made thereunder of the balance due defendant under the policy. It was ordered in the judgment that this balance be turned over to the third opponent “in an amount sufficient to make up the homestead allowance of two thousand dollars, after deducting the proven value of the residence lot at one hundred dollars, the milch cow at fifty dollars, and the household furniture and goods owned by claimant amounting to two hundred dollars, and taxing plaintiff with the costs of the writ of garnishment and the seizure herein.”
 

 From this judgment the plaintiff has appealed.
 

 After pleading an exception of no right or cause of action to the petition of the third
 
 *1027
 
 opponent, O. B. Graves, plaintiff company denies in its answer to the third opposition that the fund arising from the insurance is exempt from seizure and sale, as under our laws exemptions are strictly construed. The position of plaintiff company that money due upon a policy issued upon a homestead is subject to garnishment at the suit of a creditor is supported by only two of the courts in other jurisdictions. Smith v. Ratcliff, 66 Miss. 683, 6 So. 460, 14 Am. St. Rep. 606, and Wooster v. Page, 54 N. H. 125, 20 Am. Rep. 128.
 

 While this question is res nova in the state of Louisiana, the view is taken in most jurisdictions that, since the homestead statutes are to be liberally construed to protect a homestead to which the debtor is justly entitled, funds realized from the insurance of exempt premises are themselves exempt, as they do not represent a mere
 
 personal
 
 contract of indemnity, but the homestead itself, and the money takes the place of the property destroyed. 29 O. J. § 131, p. 838, “Homesteads.”
 

 The majority view on this question, as stated above, is supported by the decisions of the courts of Alabama, Arkansas, California, Iowa, Minnesota, New York, Tennessee, Texas, and Vermont, and also by leading text-writers on “Homesteads and Exemptions.”
 

 Two of the outstanding cases on the subject, in which numerous authorities are cited, are Chase v. Swayne, 88 Tex. 218, 30 S. W. 1049, 53 Am. St. Rep. 742-751, and Ellis v. Pratt City, 111 Ala. 629, 20 So. 649, 33 L. R. A. 264, 56 Am. St. Rep. 76.
 

 In the latter case the court said: “It is well settled by the current of authority that where a debtor’s property, being his family-homestead, burns down, being insured against loss by fire, the insurance money takes the place in the exemption statute of the property destroyed, and like it, is also exempt and not liable to garnishment. Thompson on Homesteads and Exemptions, § 750. The reason of the rule is found in the fact that the property has been exempted by law for the use of the exemptor and his family, and he may insure it to protect himself and them from loss. It is intended by the insurance to secure the means, in case of loss, for the restoration of the property after its destruction by fire.
 

 “Not to allow the insurance money after-loss to take the place of the property destroyed, and be exempt from liability to the debts of the exemptor, would, by a mere technical evasion, pervert the object and spirit of the statutes of exemptions, always to be liberally construed in favor of the exemptor. The same rule applies to exempted personal property. Houghton v. Lee, 50 Cal. 101; Hall v. Fulgham, 86 Tenn. 451 [7 S. W. 121]; White v. Fulgham, 87 Tenn. 281 [10 S. W. 501]; Crawford v. Carroll, 93 Tenn. 661 [27 S. W. 1010, 26 L. R. A. 415], 42 Am. St. Rep. 943; Reynolds v. Haines, 83 Iowa, 342 [49 N. W. 851, 13 L. R. A. 719], 32 Am. St. Rep. 311; Kaiser v. Seaton, 62 Iowa, 463 [17 N. W. 664]; Stebbins v. Peeler, 29 Vt. 289; Mitchell v. [Milhoan] Millhoan, 11 Kan. 617; Cooney v. Cooney, 65 Barb. [N. Y.] 524; Smyth on Homesteads and Exemptions, § 102; Waples on Homesteads and Exemptions, 609.”
 

 Under the Code of Iowa 1873, § 3072, which exempts from sale on execution for debts the books and instruments of a practicing physician who is the head of a family, money arising on an insurance of the property against loss by fire is also exempt. Reynolds v. Haines, 83 Iowa, 342, 49 N. W. 851, 13 L. R. A. 719, 32 Am. St. Rep. 311; Evans v. Harvester Works, 63 Iowa, 204, 18 N. W. 881; Brainard v. Simmons, 67 Iowa, 646, 25 N. W. 844.
 

 Under the laws of this state, the sheriff or constable cannot seize under execution the “bed, bedding or bedstead,” of the debtor, “nor those of his family, * * * nor the
 
 *1029
 
 cooking stove and utensils of the said stove, nor the plates, dishes, knives and forks, and spoons,” “nor the dining table and dining chairs, * * * belonging to the debtor,” “nor the musical instruments played on or practiced on by any member of the family.” Act 79 of 1S76.
 

 There is nothing in the record to show that any of the furniture or household goods upon which insurance was paid consisted of articles not exempt from seizure. Necessarily, the articles above named were exempt from seizure in this case, and insurance paid on such articles is governed by the same rule applicable to insurance paid on a homestead, under the authority of the Iowa cases above cited and of Ellis v. Pratt City, 111 Ala. 629, 20 So. 649, 33 L. R. A. 264, 56 Am. St. Rep. 76.
 

 The evidence in the case shows that defendant is the head of a family, and has a wife and adopted child dependent on him for support. It is further shown that the homestead claimed by defendant was bona fide owned and occupied by him and his family from the year 1920 down to the date of the fire, April 28, 1927. The wife of defendant is without property or means. The defendant is insolvent, and owned no property but the house and lot, the furniture in the home, and one milch cow. His sole source of revenue is derived from a clerkship in a store in Bernice, La., where he resides with his family.
 

 As shown by the evidence, the naked lot is worth $100, the furniture saved from the fire $206, and the cow $50. The full insurance on the house and contents was $2,000, or $1,-500 on the house and $500 on the furniture.
 

 The evidence further shows that defendant had cleared the debris from his lot, and was ready to-rebuild his home, when the insurance money due him was garnisheed by plaintiff, and defendant’s plans were thereby interrupted and postponed.
 

 As defendant is clearly entitled to the homestead exemption claimed by him, he is entitled also to. the insurance money due, as it represents the homestead destroyed by fire, which he has a right to rebuild with the avails of the insurance.
 

 Under the decisions of this court, a claimant must expressly show that he is entitled to a homestead exemption, yet full protection is accorded him where he deserves protection in such established claim. Rigdon v. Bogan, 160 La. 551, 107 So. 403; Thompkins v. Henry Lochte Co., 136 La. 57, 66 So. 417; Hardesty v. Warner, 130 La. 735, 58 So. 527; St. Mary Bank & Trust Co. v. Daigle, 128 La. 758, 55 So. 345.
 

 For the reasons already assigned in this opinion, the exception of no right or cause of action, filed by plaintiff to the third opposition of C. E. Graves, is without merit, and is overruled.
 

 2. Plaintiff company, in its brief, calls our attention to the fact that, after the deductions are made from $2,000, the limit of the homestead claim, for the furniture saved, $206, the .value of the lot, $100, and the value of the milch cow, $50, there remains a balance due to third opponent of $1,644 only, while the amount of insurance on hand is the sum of $1,794, or more than sufficient, by the sum of $150, to pay the balance of the homestead claim.
 

 As the furniture forms no part of the homestead, its value of $206 cannot be deducted from the homestead exemption of $2,000. Const. 1921, art. 11, § 1. Deducting the value of the lot, $100, and of the cow, $50, the balance due defendant, under the homestead exemption of $2,000, is $1,850, or more than, the avails of the policy.
 

 Defendant is therefore entitled to the full amount of the insurance.
 

 3. Plaintiff company has submitted a motion to order this case transferred to the Court of Appeals for the Second circuit of the state, -in case we should conclude that the Supreme Court is without jurisdiction.
 

 
 *1031
 
 In section 10, art. 7, of the present Constitution, it is provided, under the head of “Jurisdiction” of the Supreme Court, that: “Its appellate jurisdiction shall also extend to all cases involving homestead exemptions
 
 irrespective of the apiount involved,
 
 and the appeal on the law and the facts shall be directly from the court in which the case originated to the Supreme Court; except that in cases involving
 
 only movable property,
 
 the appeal shall lie to the court having jurisdiction of the amount or the value of the property involved.”
 

 As this is a case involving homestead exemptions to both immovable and movable property, the Supreme Court has jurisdiction, irrespective of the amount involved.
 

 Judgment affirmed.