PER CURIAM.
A peremptory writ of mandamus was issued herein on September 3, 1952, directing the Judge of the trial court to grant a suspensive and devolutive appeal herein applied for. Service of same was made by registered mail in accordance with the rules of this Court, to show 'cause on October 6, 1952 why the writ of mandamus should not be made permanent, and no answer thereto was filed.
As a 'basis for the application of counsel for plaintiffs, the record shows that the consolidated proceedings arise on six monied judgments taken (by default on which said judgments writs of garnishment were issued directed to the American Insurance Company of Newark, N. J. The garnishee answered in each proceeding admitting to have funds in its possession in excess of the aggregate of the claims in all six suits. These funds are now in the custody of the Sheriff for , the Parish of East Baton Rouge.
Third oppositions were filed ¡by Charlie Mantón in each of the six suits, and the suits were consolidated in Division C of the 19th Judicial District Court for the Parish of East Baton Rouge.
The consolidated cases were tried on their merits and after both the plaintiff in opposition and the defendants in opposition had closed their cases and rested, the plaintiff in opposition not being satisfied with the proof he had adduced, moved to re-open the consolidated cases, limiting his motion to the purpose of submitting in evidence his deed or certified copies thereof of the property insured and its value before the fire.
Following the filing of said motion and before adjudication was had thereon, counsel for plaintiff in opposition and counsel for defendants in opposition entered into a written stipulation to the effect that the third opponent would file in the record a copy of the deed of acquisition of the third opponent from J. Louis Smith, his vendor, in order to establish the ownership of opponent to the property destroyed by fire, and agreeing that the said property, prior to and up to the date of trial had a value of less than $4,000.
The stipulation further provided that the case was unequivocally, irrevocably and finally closed and that neither counsel for the judgment creditors or for third opponent will move or plead for any further reopening of said causes, nor will consent or agree to any further opening of said causes, or to the remanding of said causes for the purpose of placing any further evidence in the record in order that the parties thereto may be assured that the causes are forever closed. This stipulation was entered into on April 8, 1952.
Subsequent to the filing of the stipulation of counsel third opponent caused under date of May 27, 1952 the following judgment to be signed by the District Judge: “It is ordered that the third oppositions filed in the above numbered and entitled cases be *364 and the same are hereiby dismissed at the cost of the opponent but without prejudice to the right of said opponent, Charlie Man-ton and wife, to file said oppositions anew.”
Third opponent thereupon filed in the East Baton Rouge Court new oppositions under the identical docket numbers as the original oppositions; defendants in opposition filed exceptions to the jurisdiction of the East ■ Baton Rouge Parish District Court, ratione personae and ratione ma-teriae. The exceptions were argued on July 7, 1952, and were taken under advisement toy the District Judge.
Thereafter under date of July 24, 1952, the District Judge without deciding the exceptions to the jurisdiction, but relying wholly upon the stipulation of counsel held that the language of the stipulation prevented the plaintiff in opposition from dismissing his oppositions and further held that the judgment of dismissal of May 27, 1952, on the motion of the plaintiff in opposition violated the provisions of the stipulation and was improvidently and erroneously issued and consequently the District Judge on his own motion recalled, annulled, vacated and set aside his judgment of dismissal of the intervention and third opposition originally filed, and restored all matters herein to the status existing as of April 10, 1952, immediately following the filing of the stipulation.
On August 2, 1952, defendants in opposition filed in the, District Court a petition for a suspensive and devolutive appeal to this Court alleging that they were aggrieved toy the judgment of the District Court of date July 24, 1952.
On August 13, 1952 the District Judge denied the petition for appeal, for the reason that: “No appeal lies from such judgment it being in no sense a final judgment.” Hence these proceedings.
In these proceedings we are called upon to determine whether or not an appeal lies from the judgment of July 24th. We are of the opinion that if it is not a final judgment it is certainly one that can foe said to cause irreparable injury to the defendants in opposition. The defendants in opposition have a right to contend that the voluntary action of the opponent in dismissing his opposition enured to their benefit. The action of the trial judge in setting aside the judgment of dismissal of the opposition, we believe, is appealable.
For the foregoing reasons it is therefore ordered that the peremptory writ of mandamus issued herein be made final.