HAWTHORNE, Justice.
On the petition of Annie L. White to have the will of Lula W. Nunley, deceased, admitted to probate, the district court on June 9, 1950, rendered a judgment ordering the will probated. The presumptive heirs of Lula W. Nunley were made parties defendant to this proceeding. On February 8, 1951, on the petition of Annie L. White and Jasper White, the legatees named in the will, the district court rendered judgment recognizing them as the only legatees of the deceased and sending them into- possession of all the property left by her. On May 22,-1951, the presumptive heirs petitioned the district court and obtained an order of devolutive appeal to the Court of Appeal, Second Circuit, from both of these judgments.. This order of appeal was timely taken and . perfected by the giving of an appeal bond. The petition for appeal contained a prayer for citation on Annie L. White, who was. plaintiff both in the petition seeking to probate the will and in the petition seeking to have the legatees sent into possession, and also on Frank White. After the appeal was-lodged in the Court of Appeal, Second Circuit, that court ordered the case transferred to this court for lack of jurisdiction. See-La.App., 54 So.2d 837.
On November 13, 1951, before the return-day in this court and before the transcript was lodged here, the presumptive .heirs, ap *733 pellants, moved for and obtained in the district court an order for citation of appeal on Jasper White, averring that the name of Frank White in their original petition for appeal had been inadvertently written and that they should have prayed for citation on Jasper White. Although in this motion appellants prayed for citation on Jasper White and citation issued, he was never served with citation and is not a party before us on this appeal. Appellees have filed a motion seeking to have the appeal dismissed for want of citation on him.
As Jasper White was not a party • plaintiff or defendant in the petition of Annie L. White seeking to have the will admitted to probate, it was not necessary to cite him in an appeal from this judgment. He was, however, a party plaintiff with Annie L. White in the proceedings in which judgment was rendered on February 8, 1951, putting them in possession, and the validity of this judgment of necessity depends upon the validity of the judgment ordering the will probated. Jasper White as one of the two legatees, therefore, has an interest in maintaining the judgment of February 8, 1951, recognizing him as one of the legatees and sending him and Annie L. White into possession of the property, is a necessary party to this appeal, and should have been served with citation of appeal. Marshall v. The Grand Gulf Railroad & Banking Company, 12 Rob. 203; Lobelle v. Lobelle, 5 La. Ann. 174; Cotton v. Stirling, 19 La.Ann. 137; Succession of Mascari, 105 La. 322, 29 So. 718; Delay v. New Orleans Land Co., 127 La. 724, 53 So. 970; McCutchen v. Hudson, 132 La. 177, 61 So. 157. It has been held that this court is obliged to take notice of the want of necessary parties to an appeal. Albert Hanson Lumber Co. v. Breaux, 137 La. 272, 68 So. 607; In re Great Southern Lumber Co., 132 La. 989, 62 So. 117; see McCutchen v. Hudson, supra.
We cannot, therefore, consider the case on the merits until Jasper White is made a party to the appeal, but under the circumstances of this'case we have concluded that the lack of citation on Jasper White is not a cause for dismissal of the appeal. Appellants prayed for citation on Jasper White within one year of the date of the judgment recognizing him as a legatee and sending him and Annie L. White into possession of the property and before the return day in this court and before the transcript was filed here. The record does not affirmatively show that the failure to serve citation on Jasper White was caused by the appellants or their counsel, and under these circumstances we will not dismiss the appeal. Art. 898, La.Code of Prac.; Cockerham v. Bosley, 52 La.Ann. 65, 26 So. 814; see In re Great Southern Lumber Co., supra.
For the reasons assigned, it is ordered, adjudged, and decreed that the motion to 'dismiss be denied, and that the appellants' be, afforded a period of 30 days from the day this judgment becomes final' to cause citation of appeal to be served on Jasper *735 White as provided in'Art'iclé' 582 of'the Code'of Practice.' It is' further'ordered' that,-upon the proper showing in this1 court' by the appellants that citation'has been: served, the casé shall in due course arid at' the proper time be redocketed for argument1' on the merits.' Costs of this' proceeding'-are-to await the’ ‘findl disposition of the case.'