CAVANAUGH, Judge.
The issues ■ presented by this appeal were fully covered by us when we ordered the District Judge to grant the appellant a suspensive appeal, La.App., 61 So. 2d 363. It would serve no useful purpose to restate them here. The appellee has filed a motion to dismiss the appeal based on the ground that Mrs. Wilma Mantón, wife of the defendant Mantón, was not cited in the appeal and that she was an 'appellee. It is argued by the appellee that she has an interest in asserting the homestead- right or privilege accorded her under the Constitution, Article 11, Section 1 of the Constitution of 1921, and Act 35 of the Extra Session of 1921, LSA-R.S. 9:2801 et seq. The wife in this case did not file and record the homestead declaration as required jby Act No. 35 of 1921. Therefore, she has no standing.to.assert that right until that declaration is filed and recorded as provided for in that statute.
When the application for the writ, of mandamus to compel the District Judge to grant a suspensive appeal in this case was signed and the rule to show cause was issued, neither the appellees nor the Dis-' trict Judge made any response to contest the granting of the appeal, and, as a matter of course, we perpetuated the application and granted the appellant the relief sought. There was one matter not brought to our attention, and we did not observe it when we ordered the appeal granted, which we would not have done, and that is that we did not have jurisdiction of this appeal under Section 10 of Article 7 of the Constitution of. 1921 because appellate jurisdiction is vested in .the Supreme Court in all cases affecting a homestead, except in cases involving only movable property, in which the appeal shall be to the court having jurisdiction of the amount or value of the property involved.
The money deposited with the Sheri iff of the Parish of East Baton Rouge and seized in the garnishment proceedings, represents the proceeds of fire insurance on appellant’s home and household furnishings. Therefore, we do not have jurisdiction of this appeal and will notice our lack of jurisdiction on our own motion. Murph v. Ratcliff, 171 La. 419, 131 So. 194, and Thompson-Ritchie & Co. v. Graves, 167 La. 1024, 120 So. 634, 63 A.L.R. 1283.
For the reasons assigned, this case is ordered transferred to the Supreme Court, provided that the appellant shall file the record in that Court within sixty days from the date on which this decree becomes final; otherwise, the appeal shall stand dismissed. The appellant is to pay the costs of the appeal to this court, all other costs are to abide the final disposition of the case.