HAWTHORNE, Justice.
A furnished dwelling owned by Charlie Mantón and his wife, Wilma, was destroyed by fire. The proceeds of insurance policies on this property were seized by certain judgment creditors by writs of garnishment and fieri facias, and these funds are now in the custody of the sheriff of East Baton Rouge Parish.
Mantón and his wife have intervened in these garnishment proceedings and claim by way of third oppositions that these fire insurance proceeds are exempt from seizure for debt because of the homestead and other exemptions secured to them under the Constitution and laws of this state. All of these suits were consolidated in the lower court, tried on their merits, and submitted to the trial court for judgment. Before judgment was rendered, however, third opponents filed a motion to reopen the case so that certain other evidence could be introduced. While this motion to reopen was pending, counsel for the seizing creditors and counsel for third opponents entered into a written stipulation permitting the introduction of this new evidence. This stipulation contained the following declaration :
“It is further stipulated and agreed between counsel for. the plaintiffs, judgment creditors, and counsel for the opponent. Charlie Mantón, that Charlie Mantón has already had one day in Court and that the effect of this stipulation is to grant him two days in Court, but that now- in order to preclude the possibility of either Charlie Mantón or the judgment creditors from having still another day in Court, the said attorneys stipulate for and on behalf of their respective clients that these causes are unequivocally, irrevocably and finally closed and that neither counsel for the judgment creditors or for Charlie Mantón will move or plead for any further reopening of said causes, nor will consent or agree to any further opening of said causes, or to the remanding of said causes for the purpose of placing any further evidence in the record in order that the parties hereto may be assured that the causes are forever closed.”
After the filing of this stipulation on April 10, 1952, third opponents, Charlie Mantón and his wife, moved for and obtained the following order signed by the district judge on May 27, 1952:
“It Is Ordered that the third oppositions filed in the above numbered and entitled cases be and the same are hereby dismissed *6 at cost of the opponent but without prejudice to the right of the said Opponent, Charlie Mantón and wife to file said oppositions anew.”
Acting under this order Charlie Mantón and his wife filed third oppositions under the identical docket numbers as the original oppositions, claiming that the proceeds of the insurance policies are exempt from seizure for debt by virtue of the homestead and other exemptions secured to them under the Constitution and laws of this state, just as they had in the original third oppositions which had been dismissed.
To these oppositions the seizing creditors filed exceptions to the jurisdiction. The district judge without deciding these exceptions concluded that his judgment of May 27, 1952, which dismissed the original oppositions of Charlie Mantón and his wife without prejudice to their right to file new oppositions, and the subsequent filing of the new oppositions violated the provisions of the stipulation quoted above. Accordingly the court of its own motion annulled its judgment of May 27, 1952, and restored all matters in these proceedings to the status existing as of April 10, 1952, immediately following the filing of the joint stipulation on that date. This judgment was read and signed in open court on July 24, 1952.
The seizing creditors obtained an order of appeal to the Court of Appeal, First Circuit, by filing a petition in the office of the clerk of the district court. In this petition for appeal they prayed for citation of appeal only upon one of the third opponents, Charlie Mantón. They did not pray for citation of appeal upon Mrs. iWilma Man-ton, the other third opponent, and she was not in fact cited.
In the Court of Appeal the appellee Charlie Mantón filed a motion to dismiss the appeal on the ground that the appellee Mrs. Wilma Mantón had not been cited or made a party to the appeal. See 68 So.2d 130. The Court of Appeal concluded that the motion to dismiss was without merit, and ordered the case transferred to this court, citing as authority for the transfer Section 10 of Article 7 of the Louisiana Constitution, Thompson-Ritchie & Co. v. Graves, 167 La. 1024, 120 So. 634, 63 A.L.R. 1283, and Murff v. Ratcliff, 171 La. 419, 131 So. 194.
We are in full accord with the judgment of the Court of Appeal insofar as it transferred the case to this court. However, since the Court of Appeal was without appellate jurisdiction, it was improper for that court to pass on appellee’s motion to dismiss the appeal. Appellee has renewed and is urging the motion to dismiss in this court, and, unlike the Court of Appeal, we are of the opinion that the motion has merit.
Before discussing appellee’s motion to dismiss, we might say that this case is confusing and replete with technicalities. Appellants are urging numerous technicalities which, if sustained, would permit them to obtain the proceeds of the insurance policies *8 in satisfaction of their judgments without the lower court’s ever passing on the' homestead claims- urged by the third opponents. In other words, appellants now contend that the judgment of May 27, 1952, is correct insofar as it dismissed third opponents’ original third oppositions. Notwithstanding the reservation in that judgment of opponents’ right to file their oppositions anew, however, appellants contend that the opponents had no right to file them anew. Thus appellants contend that the judgment of July 24, 1952, is correct and valid insofar as it dismissed the subsequent third oppositions filed by third opponents, but is null and void insofar as it set aside the judgment of dismissal of the original oppositions and restored all matters to the status existing as of April 10, 1952, immediately following the filing of the joint stipulation in the original suits. In other words, appellants would ignore all of the provisions of these judgments except those which are favorable to them, contending that the third oppositions filed by the opponents are no longer in existence, and that consequently the appellants are entitled to the proceeds of the insurance policies in the sheriff’s hands.
In spite of all the confusion and technicalities which this case presents, we do not lose sight of the fact that we are a court of justice. If we dismiss this appeal, as we have valid reason to do, the judgment appealed from will become final, and third opponents’ original oppositions .will be reinstated so that the court below may pass on the merits of their homestead claim.’
In the instant case Mrs. Wilma Mantón was a plaintiff in third opposition in the suits filed in the lower court, and the judgment appealed from was a judgment in her favor insofar as it reinstated the original third oppositions and restored all matters to the status existing as of April 10, 1952, the date of the filing of the joint stipulation of counsel in the original third oppositions. Under the judgment appealed from, Mrs. Wilma Mantón’s right to assert her homestead privilege remains intact, and undoubtedly she has an interest in leaving that judgment undisturbed.- She was a party to the proceedings in the lower court, is an appellee, and for the reasons given above should have been cited to answer this appeal. Since she was not cited due to appellants’ fault, this appeal should be dismissed. This court has held that all parties interested in maintaining a lower court judgment must be made parties to any appeal taken from it, or the appeal will be dismissed. Succession of Mascari, 105 La. 322, 29 So. 718; McCutchen v. Hudson, 132 La. 177, 61 So. 157; see Succession of Nunley, 222 La. 730, 63 So.2d 737.
The appeal is dismissed, appellants to pay all costs.