HAWTHORNE, Justice.
Appellees, who allege themselves to be the heirs of Jules Lapene, have moved to dismiss this appeal by the public administrator for the Parish of Orleans.
According to the record in this case, Jules Lapene died in New Orleans on April 6, 1889, leaving a will in nuncupative form by public act under which his two natural children, Jules and Anne, were to receive one-fourth of his property and his legitimate 'brothers and sisters the balance of his estate. Apparently his will was probated a short time after his death, and over the years his estate was administered by various public administrators for the Parish of Orleans. On August 19, 1952, W. Somer Benedict, who was then public administrator for the Parish of Orleans, was appointed dative testamentary executor of Lapene’s will, succeeding the previous public administrator in that capacity. A short time later Joseph Deynoodt was appointed attorney for absent heirs. In 1954 on petition of the dative testamentary executor an inventory was made of the property belonging to the deceased in Plaquemines Parish, and this inventory showed that 809.51 acres of land in this parish belonged to the decedent, Jules Lapene.
In due course 21 persons residing in France, Mexico, and Madagascar instituted suit alleging themselves to be direct descendants of Jean Baptiste Hyppolite Lapene, a brother of the deceased, and as such they prayed to be recognized as the sole heirs at law of Jules Lapene and sent into possession of the estate. There was also a suit filed by Jules Numa Lapene, Jr., in which he alleged that the testator has been survived by his natural children Jules and Anne; that Anne died intestate shortly after the death of her father; that Jules had married and had one child, the petitioner, and subsequently had died intestate, leaving the petitioner as his sole and only heir. Accordingly he prayed to be recognized as such and sent into possession of the estate.
To these petitions the dative testamentary executor filed among other things a plea of 30 years’ prescription under Articles 1030 and 3548 of the Louisiana. Civil Code, and an answer of general denial. The exceptions were overruled. After trial on the merits there was judgment recognizing Jules Numa Lapene, Jr., as the sole legal issue of Jules Numa Lapene, and as such entitled to one-eighth of the estate under the will, and also recognizing the descendants of Jean Baptiste Hyppolite Lapene as the heirs of the testator entitled to seven-eighths of the estate in various proportions. This judgment also approved and homologated the provisional account filed by the testamentary executor, ordered him to file a final account within 15 days from the signing of the judgment, and further ordered that after approval and homologation of the account all property and funds in his hands as dative testamentary executor be turned over to the heirs and legatees of the estate in accordance with the terms of *13 the judgment. The public administrator-dative testamentary executor appealed to this court.
Counsel for appellees have filed in this court a motion to dismiss the appeal, relying on three grounds:
(1) The public administrator-dative testamentary executor did not pray for service and citation of appeal on the attorney for absent heirs, Joseph Deynoodt, nor did the court in its order direct that he be cited.
(2) The public administrator-dative testamentary executor has no right of appeal.
(3) The public administrator-dative testamentary executor has acquiesced in the judgment by filing an account and paying some of the succession debts.
With reference to appellees’ first contention, we note at the very inception' that these appellees themselves in their petitions to be recognized as the heirs of the decedent did not make the attorney for absent heirs a party to those proceedings or pray for citation on him. However, be that as it may, the attorney so appointed was present as attorney of record at the trial of the case on its merits and testified that he had made an extensive investigation, that he had examined church records and had corresponded with various persons in France in his efforts to protect the rights of absent heirs, and that after examining various documents he had concluded that it was his duty to champion the cause of these plaintiffs, that he has done so ever since, and that he considered his work finished. In effect, the attorney for absent heirs did not oppose the claims of these plaintiffs; on the contrary, he championed them.
We recognize the general rule that all parties who are interested in maintaining a judgment undisturbed must be made parties to any appeal from it, or the appeal will be dismissed. See Succession of Nunley, 222 La. 730, 63 So.2d 737; Krauss Co., Ltd., v. Manton, 227 La. 1, 78 So.2d 489, and authorities therein cited. However, under the peculiar facts of this case the attorney for absent heirs took the position in the lower court that these plaintiffs were the long-lost heirs, and that he no longer had any interest in the matter. Evidently he has acquiesced in the lower court’s judgment, as he has not appealed. Consequently there was no necessity for the public administrator-dative testamentary executor to pray for service and have the attorney for absent heirs cited to answer the appeal.
Appellees’ second contention, as stated above, is that the appellant here in his official capacity as dative testamentary executor is without interest to contest the validity of the judgment rendered in the court below, since it is his duty under the law to see that the provisions of the will are carried out, and he cannot seek to avoid the legacies. Appellees argue that if the judgment of the lower court was incorrect in overruling the plea of prescription, .the State of Louisiana was the proper party to *15 take the appeal, and that if the court was in error in recognizing appellees as heirs of the deceased testator and sending them into possession, then the attorney for absent heirs was the proper party to take the appeal.
The succession of Jules Lapene evidently has been treated and regarded over the years as a vacant succession, and appellant here was appointed dative testamentary executor by virtue of his official position as public administrator for the Parish of Orleans under R.S. 9:1584.[1] The principal question presented by this appeal is whether these claimants are the heirs of Jules Lapene, who died in 1889 — that is, whether on the merits they have adduced legal evidence to establish their right as heirs and as such entitled to the property left by the decedent. If they have not, and if the decedent died without heirs, the succession is governed by Article 485 of the Civil Code, which provides:
“The succession of persons who die without heirs, or which are not claimed by those having a right to them, belong to the State.”
The appellant here is appealing as an officer of the State in his official capacity as public administrator to protect the interest of the State, and since the State has a real interest in this succession, there is no merit to appellees’ second contention.
The cases of Succession of King, 124 La. 805, 50 So. 735, and Succession of Boutte, 30 La.Ann. 128, are inapposite and therefore not controlling here. In the King case the curator of the intestate and vacant succession was a creditor, and not the public administrator; and in the Boutte case there was no issue as to heirship or the right of the claimants to claim the succession as heirs.
Likewise there is no merit in appellees’ third contention, that the public administrator has acquiesced in the lower court’s judgment by filing an account and paying some of the succession debts. See Art. 567, La.Code Prac. The account filed here was a provisional one filed by the executor under Article 1674 of the Civil Code, which provides that an executor is bound to render an annual account of his administration. In no way can this document be considered as the final account which the judgment appealed from ordered, and consequently it cannot be regarded as an acquiescence in that judgment.
The motion to dismiss the appeal is denied. Costs of this proceeding are to await final disposition of the case.

. The public administrator for the Parish of Orleans is appointed dative testamentary executor of all testate successions in the Parish of Orleans when from any cause the executor cannot discharge the duties of his office and when there is no surviving husband or wife or heir present or represented in the state who is qualified and who claims the right to assume that office. R.S. 9:1584.